HARRIET N. SHANNON *vs.* GEORGE WHITE, administrator.

A man died here, leaving a will in which he described himself as of another state and gave nothing to a woman who claimed to be his widow; and leaving real estate here on which it might operate. The will was proved and allowed there, and he was described as of that state in the probate. The executor then presented it for ancillary probate here; the woman appealed from a decree granting the ancillary probate; and a special administrator was appointed pending the appeal. She then petitioned for an allowance under the Gen. Sts. *c.* 94, § 9, out of the income of the estate in his hands; but offered no evidence that the testator's residence was here; or to control the statement of it contained in the will and in the original probate in the other state; or that, by the laws of that state, (assuming her to be his widow,) she could claim any part of his estate against his will; or that she had complied with the laws of this Commonwealth concerning the waiver of the provisions of a husband's will, necessary to entitle a widow to dower. *Held*, that her petition must be dismissed.

APPEAL from a decree of the judge of probate, dismissing a petition of the appellant, claiming to be the widow of Oliver N. Shannon, for an allowance out of the income of his estate in the hands of a special administrator, under the Gen. Sts. *c.* 94, § 9.*

Hearing before *Ames*, J., who made a report of the case for the determination of the full court, so much of which as is material to the understanding of the point decided was as follows :

Oliver N. Shannon was married to the petitioner in December 1835, and died at Newton in the county of Middlesex and this Commonwealth in December 1869. On January 3, 1870, the petitioner applied to the probate court in Middlesex to be appointed administratrix of his estate. On February 6, 1870, Mary C. Shannon, his sister, and William Morton, both of said Newton, and William D. Griswold, of Terre Haute in the county of Vigo and state of Indiana, presented to said probate court a petition representing that the deceased left a will which had been duly proved in that county according to the laws of that state

---

* " Upon the petition of the widow or children, or either of them, the probate court may, after notice to all parties interested, make a reasonable allowance out of the income of the estate, real or personal, in the hands of a special administrator appointed on account of the pendency of a suit concerning the probate of a will, as an advancement for their support, not exceeding such portion of the income of the estate as they would be entitled to whether the will is finally proved or not."

(a certified copy of which and of the probate thereof they produced, in each of which he was described as of Terre Haute, and by which will he appointed those three petitioners executors thereof, disposed of his estate, and gave nothing to the present petitioner); that he had at the time of his death estate in Middlesex upon which the will might operate; and that the same ought to be allowed in this Commonwealth as his last will and testament; and praying that the copy might be filed and recorded in the probate office in Middlesex, and letters of administration granted with the said will annexed. On May 3, 1870, the judge of probate dismissed the petition of this petitioner to be appointed administratrix, and ordered the copy of the will to be filed and recorded, and letters testamentary to be issued to Mary C. Shannon, the other executors named therein having declined the trust. From each of those decrees the present petitioner appealed, and George White was thereupon appointed special administrator of the estate. The present petition was then filed, and after a hearing was dismissed by the judge of probate, and the petitioner appealed to this court. The petitioner offered in evidence the inventory and account of the special administrator showing a large amount of real and personal property in his hands; a certified copy of a judgment rendered in the county of Vigo and state of Indiana, in 1856, purporting to be a decree divorcing her husband from her for her desertion; and other evidence which, as she contended, showed that he was up to the time of that judgment a citizen of this Commonwealth and had no domicil in Indiana, and that the judgment was void for want of jurisdiction. But she offered no other evidence as to the condition of the estate or the domicil of the deceased.

*H. N. Shannon, pro se.*

*E. D. Sohier, ( G. A. Somerby* with him,) for the appellee.

GRAY, J. The allowance which the probate court is authorized to make to a widow out of the income of the estate of her husband in the hands of a special administrator appointed on account of the pendency of a suit concerning the probate of a will, as an advancement for her support, cannot, by the express terms of the statute, exceed such portion of the estate as she would be

entitled to whether the will is finally proved or not. Gen. Sts. *c.* 94, § 9.

The domicil of Oliver N. Shannon is stated in his will, and in the decree of the Indiana court for the original probate thereof, to be in Indiana. The petitioner offered no evidence having any tendency to control this, or to show that his domicil was in this Commonwealth at the time of his death.

If his domicil was then in Indiana, and his will shall be finally proved and letters testamentary granted in this Commonwealth, such probate will be ancillary to the probate in Indiana ; all his estate found here, and not required for the payment of creditors in this Commonwealth, must, whether distributed by our probate court, or transmitted to Indiana for distribution, be disposed of according to his will, and by that will he gives her nothing ; any rights of succession in or allowance out of his personal property must be regulated by the laws of Indiana, and there is nothing in the case to show that by those laws his widow can claim any part thereof as against his will giving it all to other persons ; she is not entitled, under our laws, to dower in his real estate, without filing in the probate office a written waiver of the provisions of the will, (which she has not done,) and it is at least doubtful whether any right to waive these provisions and claim dower can be asserted except in the state of the testator's domicil. Story Confl. Laws, §§ 479 *a & seq.*, 481 *& seq. Enohin* v. *Wylie,* 10 H. L. Cas. 1 ; 1 De Gex, Fisher & Jones, 410 ; 1 Swab. & Tristr. 118. *Doglioni* v. *Crispin,* Law Rep. 1 H. L. 304 ; 9 Jur. (N. S.) 653. *Ennis* v. *Smith,* 14 How. 400. *Parsons* v. *Lyman,* 20 N. Y. 103. *Fay* v. *Haven,* 3 Met. 109.

The petitioner therefore fails to show that, if the will of Oliver N. Shannon is finally proved, she will, assuming her to be his widow, be entitled to any portion of the income of the estate. As this is a conclusive reason against making any allowance under the Gen. Sts. *c.* 94, § 9, it is unnecessary, in order to dispose of this appeal, to consider any of the other questions which have been argued. *Decree affirmed.*