SUSAN R. RICHARDSON, Appellant, v. M. D. LEWIS, PUBLIC ADMINISTRATOR, Respondent.

St. Louis Court of Appeals, April 6, 1886.

1. ADMINISTRATION—DESCENTS AND DISTRIBUTIONS—CHATTELS.—The succession of the personalty of a deceased person is governed by the law of his actual domicil at the time of his death.

2. ——— WIDOW.—Sections 268 and 269 of the Revised Statutes apply so as to permit the widow of a non-resident decedent from claiming, in an ancillary administration, in this state, the bounty allowed under sections 106 and 107.

3. ——— Whatever rights the non-resident widow of a decedent may have in respect of the absolute allowance of personalty out of the estate must be sought under the law of the domicil of the deceased husband.

4. ——— Quaere, whether such a widow, having been adjudged to be entitled to such an allowance, by the court of the domicil, can prove such a claim in the probate courts of this state as a preferred claim.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

KERR & KERR, for the appellant: The widow of a non-resident decedent is entitled to absolute dower in personalty, in this state, and to an allowance in lieu of provisions. Rev. Stat., sects. 105, 106, 107, and 108; *Knapp v. Pub. Adm'r*, 2 Bradford (N. Y.) 258; *Cole v. Elfe*, 23 Ga. 235; *Buford v. Buford*, 49 Mo. 546; *Cummings v. Cummings*, 51 Mo. 263; *Hastings v. Myer*, 21 Mo. 519; *McFarland v. Baze*, 24 Mo. 157.

L. B. VALLIANT, for the respondent: The widow of a non-resident decedent has no right to an allowance or to absolute dower in personalty of the estate in this

state.  *Spier's Appeal*, 26 Pa. St. 233 ; *Coate's Estate*, 12 Phila. 171 ; *Spraddling v. Pipkin*, 15 Mo. 118 ; *Shannon v. White*, 109 Mass. 146.

Thompson, J., delivered the opinion of the court.

The plaintiff filed her petition in the probate court of the city of St. Louis, claiming out of the estate of her deceased husband the allowance in lieu of provisions authorized by section 106, Revised Statutes, and, also, the absolute allowance of four hundred dollars in money, authorized by section 107, Revised Statutes.  An appeal was taken from the order of the probate court to the circuit court, where, on a hearing *de novo*, the circuit court rendered judgment for the administrator, disallowing the petition, from which judgment the petitioner has appealed to this court.

The matter was heard in the circuit court upon the following agreed statement of facts :

"John T. Richardson died intestate in Madison county, Illinois, which was the domicil of himself and family at the time of his death, May, 1884.  His widow, Sarah (meaning Susan) B. Richardson, qualified as administratrix of his estate in the county court of Madison county, Illinois, and she is still such administratrix there.  The estate in Illinois consisted of a house and lot in which the intestate resided at the time of his death, worth about two thousand dollars, and which is encumbered for about seven hundred dollars, and personal property appraised in said administration at $71.75. Under the laws of Illinois, the widow was entitled to certain articles of personal property, to be selected out of the assets of the estate, and if such articles were not in the assets of the estate, she was entitled to receive the appraised value thereof out of the estate in money. These articles were appraised by appraisers appointed by said Madison county court, at $1,031, and of such there was on hand in the assets of the estate articles to the value only of $71.75.  This the widow received, and the

said county court ordered that she be allowed the balance, $959.25, in money. There was no money, or other personal property, in the estate in Illinois. At the time of the death of the intestate, there was deposited to his credit, in the Bank of Commerce, in this city, $999.10. The public administrator here took charge of the estate in this state on the twenty-seventh of May, 1884. There were no other assets of the estate here except the said $999.10. The widow, the plaintiff here, applied to the probate court in this city for an allowance in money out of the assets of the estate in lieu of provisions, under section 106, of the Revised Statutes of Missouri, and, also, an allowance of four hundred dollars, under sections 107, 108, and 109, Revised Statutes of Missouri, she having previously demanded the same of the administrator, and he refused. There were none of the articles on hand mentioned in section 105, Revised Statutes. A claim, to the amount of $4,754.50, has been allowed against the estate by the Madison court, in Illinois, and the same claim is filed in the probate court here, having been duly exhibited to the administrator here within the first year of the administration, and has been duly allowed by the probate court. . The widow resides in Illinois, and occupies the house and lot, above mentioned, as a residence; she has one minor child by her marriage with the intestate. It is agreed that if she is entitled to anything, under section 106, Revised Statutes, two hundred and fifty dollars is a reasonable amount, and the allowance is to be fixed at that sum. The probate court allowed her claim for two hundred and fifty dollars, under section 106, and, also, four hundred dollars, under sections 107, 108, and 109, Revised Statutes, less $71.75, the value of the personal property she received in Illinois, from which order the administrator appeals. The facts stated in the petition are not disputed, but admitted.''

We are of opinion that the judgment of the circuit court was right. We rest our decision upon the uni-

versal principle of the common law that the succession of the personal property of a deceased person is governed exclusively by the law of his actual domicil at the time of his death.    Story on Conflict of Laws, sect. 481; *Ennis v. Smith*, 14 How. (U. S.) 400, 425; *Wilkins v. Ellett*, 9 Wall. 740; *Parsons v. Lyman*, 20 N. Y. 103, 112; *Fay v. Haven*, 3 Met. (Mass.) 109, 114; *Enohin v. Wylie*, 10 H. L. Cas. 1, 13, 19; *Daglioni v. Criopin*, L. R. 1 H. L. 301; *Shannon v. White*, 109 Mass. 146.

This doctrine is of such general recognition and is founded in such strong considerations of commercial policy and convenience, that it has been said to be a part of the *jus gentium*.    Mr. Justice Wayne, in *Ennis v. Smith*.    Our statute relating to the administration of the estates of deceased persons does not impair this rule, but confirms it, by providing that in the case of a non-resident decedent "his personal estate shall be distributed and disposed of according to the laws of the state or country of which he was an inhabitant."    Revised Statutes, section 268.    The provisions of sections 106 and 107, Revised Statutes, have no application to the widows of non-resident decedents.    They are a temporary provision for the widows of deceased persons analogous to the provisions of statutes exempting certain property of debtors from execution.    The very nature of such an allowance precludes the idea that the widow can be entitled to it in any state except that of the husband's domicil; for, otherwise, she would be entitled to this exemption from the claims of his creditors in every state and territory of the union in which he might have personal property, which would multiply what was intended as a mere temporary benefit and make the statute work a wrong to the creditors of the decedent.

In Massachusetts, following the doctrine above stated, it was held that the widow of a person dying in Massachusetts could not have such an allowance out of his personal estate there, his actual domicil having been in Indiana.    *Shannon v. White*, 109 Mass. 146.    In

Pennsylvania a similar bounty has been denied to a widow permanently residing in another country at the time of the death of her husband, residing in that state. *Spiers Appeal*, 26 Pa. St. 233.    They have even gone so far in that state as to hold that to entitle a widow to this bounty, she must have been residing with her husband and forming a part of his household at the time of his death, unless prevented from residing with him by his wrongful act.    *Estate of Coates*, 12 Phila. 171.    It is not necessary for us to go as far as the Pennsylvania courts have gone ; but we are clear, in view of the general principle of law governing the succession of the personal property of deceased persons above stated, that whatever right the petitioner may have in the personal estate of her deceased husband, in her character of widow, must be sought under the law of Illinois, which was the state of his domicil at the time of his death, and not under the law of Missouri.    Whether the allowance of money, which the probate court in Illinois has made to her in lieu of specific articles of personalty of her deceased husband, not on hand at the time of his death, gives her the standing of a preferred creditor, except as to creditors resident in this state, so as to enable her in that character to prove up such an allowance in the probate court in this state, we do not determine, as the question is not before us.

    The judgment of the circuit court is affirmed, with the concurrence of all the judges