MARY B. McPHERSON'S ADMINISTRATOR, Appellant, v. WILLIAM J. McPHERSON, Respondent.

St. Louis Court of Appeals, April 7, 1897.

1. **Husband and Wife:** DOMICILE OF WIFE. By their intermarriage, the wife, *eo instanti*, acquires the domicile of the husband; and the fact that she remains for awhile in the state of her residence before marriage, for the purpose of winding up her business, and dies while so engaged, before her actual removal to another state where her husband resides, in no way affects the question of her legal domicile in that state from the time of the marriage.

2. ————: DELIVERY OF DRAFT BY WIFE IN MISSOURI TO HUSBAND DOMICILED IN NEW YORK: ADMINISTRATION: SUIT BY RESIDENT ADMINISTRATOR FOR RECOVERY: DOMICILE OF INTESTATE: LEX DOMICILLII. In an action by the administrator of an intestate wife, qualified in Missouri, against her husband, who took out letters of administration in New York, for the recovery of the amount of a draft delivered by the intestate, while in this state and before her actual removal therefrom, to defendant who resided in New York, where the defense was that the domicile of the intestate was in New York, and the primary administration there,—*Held:* That the defense was well taken, and barred a recovery.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

AFFIRMED.

*J. R. Meyers* for appellant.

Personal property is not deemed to have been reduced to possession by the husband by his use, occupancy, care or protection thereof, but the same remains the separate property of the wife, unless by the terms of said assent, in writing, full authority shall have been given by the wife to the husband to sue, incumber, or otherwise dispose of the same for his own use and benefit. R. S. 1889, sec. 6869; *McGuire v. Allen*, 108 Mo. 403.

Creditors have two years after the granting of the first letters on the estate, or the publication of notice of the grant of such letters. R. S. 1889, secs. 184, 188.

The court erred in refusing plaintiff's instruction number 1. R. S. 1889, sec. 6869; *McGuire v. Allen*, *supra*.

The court erred in refusing plaintiff's instruction number 2. R. S. 1889, sec. 2009, and citations *supra*.

The court erred in refusing plaintiff's instructions numbers 3 and 5. R. S. 1889, sec. 6869; *McGuire v. Allen*, *supra*.

*John H. Overall* for respondent.

As to definition of domicile generally, see 1 Bouv. Dict., p. 443; 2 Par. Con. [2 Ed.] 90; Story on Conflict of Laws, sec. 43; Whar. on Conflict of Laws, par. 21, 23; 5 Am. and Eng. Ency. Law, p. 857, and citations.

The husband's domicile is, in law, the domicile of his wife. Stewart M. & D., par. 221; *Sheever v. Wilson*, 8 Wall. 108, 124; *Minor v. Cardwell*, 37 Mo. 350, 356.

A woman, of whatever age, acquires on her marriage the domicile of her husband, and her domicile

continues to be the same as his throughout their married life. 5 Am. and Eng. Ency. Law, 868, and citations; *Davis v. Davis*, 30 Ill. 180; *Green v. Green*, 11 Pick. 410; *Mason v. Hoener*, 105 Mass 116; *Hartean v. Hartean*, 14 Pick. 181; *Hood v. Hood*, 11 Allen (Mass.), 196; *Hariston v. Hariston*, 27 Miss. 704; 61 Am. Dec. 530; *Bank v. Mitchell*, 28 N. J. L. 516; *McPherson v. Housel*, 13 N. J. Eq. 35; *Baldwin v. Flagg*, 43 N. J. L. 495; *McAfee v. Kentucky University*, 7 Bush, 135; *Hanbery v. Hanbery*, 29 Ala. 719; *Sanderson v. Ralston*, 20 La. Ann. 312; *Dugat v. Markham*, 2 La. R. 29, 35; *Succession of Christee*, 20 La. Ann. 363; *Succession of McKenna*, 23 *Id.* 369; *Warrender v. Warrender*, 2 Cl. & F. 488; *Dolphin v. Robbins*, 7 H. L. C. 390; *In re Daly's Settlement*, 25 Beav. 456; *Gilis v. Gilis*, Ir. R. 8 Eq. 597; *Niboget v. Niboget*, L. R. P. D. 1; *Chichester v. Donegal*, 1 Add. Eccl. 5; *Kemna v. Brookhaus*, 10 Biss. (U. S.) 128, 134; *Barber v. Barber*, 21 How. (U. S.) 582; *Burnham v. Rangely*, 1 Woodb. & M. 7; *Bennett v. Bennett*, Deady (U. S.), 299; *Dow v. Gould*, 31 Cal. 629; *Hollister v. Hollister*, 6 Pa. St. 449; *Dougherty v. Snyder*, 2 Serg. & R. 84; *School Directors v. James*, 2 W. & S. (Pa.) 568; *Johnson v. Turner*, 29 Ark. 280; *Ditson v. Ditson*, 4 R. I. 87; *Green v. Windham*, 13 Me. 225; *Knox v. Waldoborrough*, Greenlf. (Me.) 445; *Danbury v. New Haven*, 5 Conn. 584; *Bank v. Balcom*, 35 *Id.* 351; *Russell v. Randolph*, 11 Tex. 460; *Lacey v. Clements*, 36 *Id.* 661; *Jenness v. Jenness*, 24 Ind. 355; *Collum v. White*, 23 *Id.* 43; *Ensor v. Graff*, 43 Md. 391; *Brown v. Lynch*, 2 Bradf. (N. Y.) 214; *Vischer v. Vischer*, 12 Barb. 640; *Paulding's Will*, Tuck. (N. Y.) Surr. R. 47; *Lipscone v. Trans. Co.*, Lans. (N. Y.); *Smith v. Moorehead*, 6 Jones, Eq. (N. C.) 369; *Harkins v. Arnold*, 46 Ga. 656; *Swaney v. Hutchins*, 13 Neb. 266; *Johnson v. Johnson*, 12 Bush (Ky.), 485. See, also, 2 Par. on

Con. [1 Ed.], p. 93; *Warrender v. Warrender*, 9 Bligh. 89, 103, 104; *Cumner v. Melton*, 2 Salk. Repy. 528; *Wooden v. Ralskury*, 2 Lord Ragin, 1473; *Freetown v. Taunton*, 16 Mass. 52; 2 Bish., par. 112.

The domicile may be in one state and the actual residence in another. 19 Wend. 11. See, also, 2 Bish. on Mar. 87, 90; Story, Conflict of Laws, par. 41; *Portierfield v. Augusta*, 67 Me. 556; *Lacey v. Williams*, 27 Mo. 280; *Kennedy v. Ryall*, 57 N. Y. 379, 386; *Barber v. Barber*, 21 How. (U. S.) 582, 594; 9 Am. and Eng. Ency. Law, 812; *Hair v. Hair*, 10 Rich. (S. C.) 163, 175.

The domicile of the wife follows that of the husband whether or not she accompanies him to his new place of abode. Jacobs on Domicile, par. 214; *Republic v. Dollam*, 11 Tex. 661; *Succession of Christee*, 20 La. Ann. 383; *Succession of McKenna*, 23 Id. 383; *Johnson v. Turner*, 29 Ark. 280; *Burlen v. Shannon*, 115 Mass. 438; *Peacock v. Smart*, 17 Mo. 402.

A title to personal property acquired under the laws of the domicile is available in any other state. 3 Am. and Eng. Ency. Law, 574; *The Kascinsco*, 11 N. Y. Legal Obs. 38. See, also, Stewart, Husband & Wife, 29; *Hayden v. Nutt*, 8 La. Ann. 66-68; *State v. Barrow*, 14 Tex. 178, 186; Dicey, Dom., 269, and citations.

The disposition, succession and distribution of personal property is governed by the *lex domicillii*. 2 Kent, Com. [2 Ed.] 429, 431. See, also, 2 Par. Con. [1 Ed.] 112, 113; *Fisher v. Anchor Line*, 15 Mo. App. 576; 1 Burge Com. 244-260; Story on Conflict of Laws, par. 186; 1 Mason (U. S.), 381; *Minor v. Caldwell*, 37 Mo.

In the absence of any evidence to the contrary, it will be presumed that the common law is in force in New York. *Meyer v. McCabe*, 73 Mo. 236, 241; *Houghtaling v. Ball*, 19 Id. 84.

At common law, the husband is entitled to the personal property and choses in action of his wife, and they are vested in him after death, whether reduced to possession or not, and his title is founded on his marital right, and not on his right of administration. *Ryder v. Hulse*, 10 Smith (N. Y.), 373; 33 Barb. 264; *Whitaker v. Whitaker*, 6 Johns. 112.

The common law is in force in New York. Const. N. Y., sec. 16, art. 1; *Whitaker v. Whitaker*, *supra;* *Lockwood v. Stockholm*, 1 Paige, 87; *Lovett v. Buloid*, 3 Barb. Ch. 137. See, also, 2 R. S. N. Y. [4 Ed.] 281, 282; 1 Birdsey's R. S., p. 1135, sec. 193; *Robins v. McClure*, 100 N. Y. 228.

BOND, J.— Plaintiff's intestate and defendant were married in St. Louis on February 20, 1895, the defendant husband being then a citizen of New York and residing at Rochester in that state. Prior to her marriage the wife was a resident of this state. On February 25, 1895, she gave her check for $1,900, requesting the bank upon which it was drawn, in exchange therefor, to deliver to her husband a New York draft. This was done and defendant returned to Rochester, New York, were he cashed said draft. There was evidence that the wife sent the money, represented by said draft, to New York, to be used in improving the home which she and defendant would occupy after their marriage. The evidence was undisputed that she intended after her marriage to move to Rochester, New York, where her husband lived. It was arranged that she would remain a short time in St. Louis disposing of her business affairs, and that her husband would return to St. Louis for her in the early spring and take her to New York. While she was arranging some business affairs she was taken sick, and died on the twenty-second of March, 1895.

Plaintiff qualified as her administrator in Missouri, and defendant took out letters on her estate in New York. Plaintiff as administrator sued defendant for the amount of the New York draft. The answer pleaded the domicile of plaintiff's intestate in New York at the time of her death in bar of the present action. There was a judgment for defendant, from which plaintiff has appealed.

"The principle is so well established that it will hardly be questioned by any one that personal or movable property is governed by the law of the domicile of the owner, wherever it may be situated, and this law, of course, changes with his domicile." *Minor v. Cardwell*, 37 Mo. *loc. cit.* 356; 5 Am. and Eng. Ency. of Law, p. 868, *et seq.* It is admitted that defendant's domicile at the time of his marriage was in Rochester, New York. By his intermarriage his wife, *eo instanti*, acquired the same domicile. The fact that she remained a short time in Missouri for the purpose of winding up her business, and that she was taken suddenly ill and died while so engaged before her actual removal to New York, in nowise affected the question of her legal domicile in that state from the time of the consummation of her marriage with one of its resident citizens. The transfer by her of a 'portion of her personal property to New York, in the form of a draft to her husband, rendered it an asset to be disposed of upon administration of her estate in New York. The record shows that such administration has been taken out, and the defense made by the answer herein, that the money so carried to New York must be accounted for to the personal representative of the wife in that state, is well taken, and bars a recovery in the present action. It is no answer to

*[margin note: HUSBAND and wife: domicile of wife.]*

*[margin note: DELIVERY of draft by wife in Missouri to husband domiciled in New York: administration: domicile of intestate lex domicillii.]*

this conclusion to say that the Missouri statutes provide for the administration of the real and personal estate of nonresidents. Revised Statutes of 1889, sections 261 and 262, *et seq.* The statutes in question were made for the purpose of authorizing administration upon the property and effects of nonresidents which at the time of their decease were found in this state. These statutes do not relate to property and effects not within the jurisdiction of our courts. They also contemplate that the administration had here shall be ancillary to one had at the domicile of the nonresident. Hence they provide for the transmission to the primary administration of the residue of the personal estate left after the winding up of the auxiliary administration conducted in Missouri.

Neither does the case of *McGuire v. Allen,* 108 Mo. 403, bear on the question under consideration. That case decides that the mere blank indorsement by the wife of a check for money due her and delivery of the check to the husband, does not constitute a sufficient written assent within the meaning of the statute to work a reduction to possession of the money represented by the check. In the case at bar, had the domicile of the husband and wife been in Missouri, the decision cited would have been in point. As their domicile was in New York, under the law, making the domicile of the husband that of the wife, the decision has no bearing on the title to the money in that state at the time of the death of the wife. Our conclusion is that the judgment should be affirmed. It is so ordered. All concur.