LYDIA A. COMERFORD, Respondent, v. D. M. COUL-
TER, Ex'r, etc., Appellant.

**Kansas City Court of Appeals, January 8, 1900.**

**Administration:** WIDOW'S DOWER: DOMICILE: PERSONAL PROP-
ERTY. A wife, though living in another state, upon the death of
her husband domiciled in this state is entitled to four hundred dol-
lars absolute property out of his personal estate, and his domicile
is her domicile, and the law of this state governs the distribution of
personal property.

Appeal from the Cass Circuit Court.—*Hon. W. W. Wood,*
Judge.

AFFIRMED.

*Burney & Burney* for appellant.

(1)    The allowance provided for in section 107 of Revised
Statutes 1889, is not "dower" but is in the nature of an ex-
emption.    Dobson's Adm'r v. Butler, 17 Mo. 88; Weindel
Adm'r v. Weindel, 126 Mo. 640.    (2)    The exemption laws
can not be invoked in favor of nonresidents.    Steele v. Leon-
ori, 28 Mo. App. 675; Stotesbury v. Kirtland, 35 Mo. App.
159.    The provisions of section 106 and 107, Revised Statutes
have no application to nonresident widows.    "They are a
temporary provision for the widows of deceased persons analo-
gous to the provisions of statutes exempting certain property
of debtors from execution.    Woerner on Law of Administra-
tion [1 Ed.], p. 184, sec. 89; Campbell v. Whitsett, 66 Mo.
App. 447; Richardson v. Lewis, 21 Mo. App. 531; Graham
v. Stull, 22 S. W. Rep. 738; s. c., 21 L. R. A. 241; Talmadge
v. Talmadge, 66 Ala. 199; Ex parte Pearson, 76 Ala. 521;
Veile v. Koch, 27 Ill. 129; Barber v. Ellis, 68 Miss. 172;
Simpson v. Cureton, 97 N. C. 112; Medley v. Dunlap, 90

N. C. 527; Coate's Estate, 12 Phila. 171; Spier's App. 26
Pa. St. 233; Odiorne's App. 54 Pa. St. 175; s. c. 93 Am. Dec.
683; 9 Am. and Eng. Ency. of Law [1 Ed.], p. 448; 2 Am.
and Eng. Ency. of Law [2 Ed.], p. 158, 159.

*Allen Glenn* and *Chas. W. Sloan* for respondent.

(1) The widow's rights are fixed "by the fact that she
was the wife of decedent at the time of his death." By the
husband's domicile, not her residence. 1 Woerner's Am.
Law [2 Ed.], sec. 64, p. 131; sec. 89, p. 184; sec. 158, p. 360;
2 Vol. [2 Ed.], sec. 565, p. 1239; R. S. 1889, sec. 261; 5 Am.
and Eng. Ency. of Law, p. 869, sec. 3, n. 1; 24 Am. and Eng.
Ency. of Law, p. 425, sec. 10; Farris v. Battle, 80 Ga. 187;
Mowser v. Mowser, 87 Mo. 439-441; Lewis v. Castello, 17
Mo. App. 593-596; Richardson v. Lewis, 21 Mo. App. 532-
534; Austin's Estate, 73 Mo. App. 64-66; Campbell v. Whit-
sett, 66 Mo. App. 446; King v. King, 64 Mo. App. 302, 303,
304; McPherson v. McPherson, 70 Mo. App. 334, 335; Hast-
ings v. Myers, 21 Mo. 520; Minor v. Cardwell, 37 Mo. 353;
Banse v. Muhme, 13 Ohio Cir. Ct. Rep. 501. (2) When
the words of the statute are plain, explicit and unequivocal, a
court is not warranted in departing from its obvious mean-
ing, by adding to or taking therefrom. R. S. 1889, sec. 6570,
clause 1; King v. King, 64 Mo. App. 303; Woodberry v.
Berry, 18 Ohio St. 456; Warren v. Barber, 115 Mo. 572;
Randol v. Garoute, 78 Mo. App. 611-614; Christian v. Ins.
Co., 143 Mo. 464-466; Greismer v. Boyer, 43 Pac. Rep. 17.
(3) The allowance provided for in sections 107 and 108 of
the Revised Statutes of Missouri for 1889, is a part of the
widow's dower, and so designated by our courts. R. S. 1889,
secs. 107, 108 and 4517; Cummings v. Cummings, 51 Mo.
263; Norton v. Thompson, 68 Mo. 145-149; Dudley v. Daven-
port, 85 Mo. 463; Young v. Boardman, 97 Mo. 183-191;
In re Klostermann, 6 Mo. App. 315, 316; Schwatken v. Daudt,

53 Mo. App. 2; Hastings v. Myers, 21 Mo. 520; Dunn v. Bank, 109 Mo. 93-101, clause 3. (4) The evidence does not bear out the claim of a division of property at all. To be in bar of dower the settlement "Must express on its face to be in discharge of dower;" the pretended Iowa settlement does not so express. Perry v. Perryman, 19 Mo. 469; Dudley v. Davenport, 85 Mo. 463; Martien v. Norris, 91 Mo. 465; Farris v. Coleman, 103 Mo. 356-360. (5) John B. Comerford, under section 6856 could have been compelled to support Lydia A. Comerford, his wife. McGrady v. McGrady, 48 Mo. App. 674; Long v. Long, 78 Mo. App. 34-36; Lindenschmidt v. Lindenschmidt, 29 Mo. App. 296; Dwyer v. Dwyer, 26 Mo. App. 648-653.

GILL, J.—This is a suit by a widow to recover from her deceased husband's estate the $400 allowed as her absolute property under our administration law. R. S. 1889, sec. 107. They were an old couple with varied fortune and experiences. They seem to have been married in Ohio, where as husband and wife they resided for five years. They then moved to the state of Illinois, living there together for about twenty-seven years; from there they went to Iowa, and from that state to Nebraska. In the latter state the widow continued to live, but the husband left her and went to Missouri, settling in Cass county, where he died in September, 1896. It seems to that Comerford first deserted his wife in Iowa, but shortly thereafter returned. He abandoned his wife in Nebraska, again returned and cohabited with her for eighteen months, and then, several years before his death, left her again and went to Missouri as above stated. At his death Comerford had considerable personal property at his domicile in Cass county, Missouri, but in his will, executed a few days before his death, he left his wife one dollar only. She renounced the will however and set up a claim to a widow's statutory allowance as before stated.

In the probate court plaintiff's claim was rejected; but on appeal to the circuit court it was allowed, and the defendant executor appealed.

I.   The judgment of the circuit court is for the right party and ought to be affirmed.   It is conceded that when Comerford died he and plaintiff occupied the relation of husband and wife, and that at that time said Comerford's domicile was in Cass county, Missouri.   This being so, then we must think that plaintiff is entitled to such portion of her husband's property as is given the widow of the deceased.   It has been repeatedly held in this state that the four hundred dollars personal property set apart to the widow under section 107 of the statute, becomes immediately upon the death of the husband the absolute property of the wife.   It is further held also that this provision was intended for the benefit alone of widows whose husbands were domiciled in this state—the section has no application to the widows of nonresident decedents.   Richardson v. Lewis, 21 Mo. App. 531.   This rests upon the established rule that the *lex rei sitae* governs the descent of real property, while the *lex domicilii* controls the distribution of personal property owned by the deceased.   There is also another rule, well to be here stated, and that is, that a woman acquires at marriage the domicile of her husband, and her domicile continues the same as his, and changes with his, throughout their married life.   The wife can not acquire a domicile separate and apart from her husband's; and "although they live apart, she still follows his domicile; nor will the fact that they have separated by agreement enable the wife to acquire a separate domicile."   5 Am. and Eng. Ency. of Law [1 Ed.], p. 868.

Having then in view these rules of law a solution of the question here becomes easy.   The legal domicile of the Comerfords, at the death of the husband, was in Cass county, Missouri, even though at the time the wife lived in Nebraska and separate and apart from her husband.   The laws of Missouri

then must control in the distribution of Mr. Comerford's personal property. The statute law of that state directs, in that event, that the widow Comerford be entitled "to take such personal property · as she may choose not to exceed the appraised value of four hundred dollars" (section 107), and this becomes her absolute property, not even subject to the husband's debts (section 108). There is no such qualification as that the wife must in fact be living or residing in this state at the death of her husband. The contention therefore of defendant's counsel that plaintiff had no legal claim to the provision made for the widow, is, it seems to us, without any merit.

In Mowser v. Mowser, 87 Mo. 437, the widow was held entitled to the allowance under this statute even though she had previously abandoned her husband without sufficient cause. The court there said that it was sufficient that "she was his wife to the day of his death." Though not entirely parallel, the following, from our own court, tend to sustain our present position. King v. Ex'r of King, 64 Mo. App. 301; McPherson's Adm'r v. McPherson, 70 Mo. App. 330; Austin's Estate, 73 Mo. App. 61.

The case of Farris v. Bante, 80 Ga. 187, is "on all fours" with this. It was there held that on the death of the husband domiciled in Georgia, his widow became entitled to a year's support out of his estate, as against creditors, even though she resided outside the state and had never been in Georgia.

, We have examined the authorities which are claimed by defendant's counsel as sustaining his position. And while it must be admitted that some of these, particularly the case of Spiers' Appeal, 26 Pa. St. 233, seem adverse to our views, we yet think ourselves within the plain meaning of the statute and in harmony with better authority. Judgment affirmed. All concur.