WINDT *et al. v.* LINDY *et al.*

POTTER TITLE & TRUST CO. *v.* SAME.

(*Jackson,* April Term, 1935.)

Opinion filed June 29, 1935.

PIGFORD & KEY, of Jackson, for appellants.

PEARSON & HEWGLEY, of Jackson, for appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

These causes were heard together. In each a decree was sought on a note for $2,250, executed by Jack D. Lindy to H. Windt and J. Aronson, and indorsed by his father, A. S. Lindy, and his father-in-law, L. Kisber. The first suit was instituted by the payees, Windt and Aronson, and the second by the Potter Title & Trust Company, to whom one of the notes, before maturity, had been negotiated. The chancellor dismissed the first suit and entered a decree in favor of the trust company in the second. His decrees in both causes were affirmed by the Court of Appeals.

Without detailing the facts, it is sufficient to say that Lindy, while engaged in the real estate business in Florida, borrowed from Windt and Aronson $10,000, which was not repaid. As a result of that transaction, Lindy was indicted by the grand jury of Dade county, Florida, for obtaining money by false pretenses, which is a felony in that state. Lindy in the meantime had

changed his residence to Pennsylvania. The Governor of the latter state had honored a requisition for Lindy's removal to Florida to be tried on said indictment. Thereupon Lindy instituted a *habeas corpus* proceeding, pending the disposition of which it was agreed that Lindy was to deposit in escrow $3,000 in cash and the two notes here involved, in consideration for which Windt and Aronson were to have the criminal prosecution dismissed and were to turn over to Lindy, or his agent, certain collateral notes placed with them as security for their debt. Upon this being done, the cash and the two notes were to be delivered to Windt and Aronson. The agreement was fully executed by all parties. It is conceded that this agreement was executed in Pennsylvania, and the Court of Appeals found that such a contract is valid and enforceable under the laws of that state, and this finding is not questioned by any assignment of error in this court. Writs of *certiorari* have heretofore been granted, and the causes have been fully and ably presented in argument and by briefs.

1. Unquestionably, had the contract been executed in this state, it would not be enforced by our courts, because contrary to the public policy of this state in that it violates section 11061 of the Code, which declares that an agreement not to prosecute a felony is a misdemeanor. *Porter* v. *Jones,* 6 Cold. (46 Tenn.), 313; *Cain* v. *Southern Express Co.,* 1 Baxt. (60 Tenn.), 315; *Cantrell* v. *Ring,* 125 Tenn., 472, 145 S. W., 166; *Nashville Ry. & Light Co.* v. *Lawson,* 144 Tenn., 78, 229 S. W., 741; *Cavender* v. *Hewitt,* 145 Tenn., 471, 239 S. W., 767, 22 A. L. R., 755; 13 C. J., 451.

This brings us to the question as to whether the public

policy is involved where the contract sought to be enforced is valid in the state where it is entered into.

The object of the American Law Institute, an organization composed in the main of a large number of prominent jurists, lawyers, instructors in law, and text-writers, is to improve the law and have it uniform in the several states. These laws are fully discussed and carefully considered before they are adopted, and the courts have been urged to co-operate in this plan. The Institute has recently published its Restatement of the Conflict of Laws. We quote therefrom as follows:

"Section 612. *Action contrary to public policy.* No action can be maintained upon a cause of action created in another state the enforcement of which is contrary to the strong public policy of the forum."

By way of explaining and interpreting the meaning of this section, the Institute has followed the text with the following illustrations:

"1. By the law of state X, gambling debts may be recovered; by law of state Y, to allow recovery on such debts would be against public policy. A sues B in Y on a gambling debt incurred in X. Judgment for B.

"2. In the law of state X, there is no provision against dealing in cotton futures; by the law of state Y, such dealing is forbidden as gambling and is against public policy. A sues B in Y on a contract for the sale of cotton for future delivery made in X. Judgment for B."

Since this authority comports with the declared public policy of this state, we have no hesitancy in approving it. Applying it to the facts of these causes, we must hold that the other courts were correct in dismissing the bill in the first suit.

2.  The other courts concurred in finding that the trust company was a holder in due course of the note upon which its suit is based, and we find ample evidence to support this conclusion.

Section 7381 of the Code provides:

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

Since the passage of the Negotiable Instruments Act, the rule of "suspicious circumstances" no longer obtains, the party to whom the note is negotiated must have actual knowledge of its infirmity or defect.   Code, section 7380; 8 C. J., 500; *Unaka National Bank* v. *Butler*, 113 Tenn., 574, 83 S. W., 655; *Jefferson Bank* v. *Chapman-White-Lyons Co.*, 122 Tenn., 415, 123 S. W., 641; *First National Bank* v. *Russell*, 124 Tenn., 618, 139 S. W., 734, Ann. Cas., 1913A, 203; *Cohn* v. *Lunn*, 133 Tenn., 547, 182 S. W., 584; *Frazier* v. *Lafferty*, 150 Tenn., 105, 263 S. W., 978.   In the last-named case it was held that a *bona fide* holder for value of a note executed as a part of a transaction prohibited by statute may enforce it, except where the statute in terms or by necessary implication declares it void.

For the reasons stated, the decrees of the chancellor and the Court of Appeals in both causes will be affirmed. Complainants in the first cause and defendants in the second cause will pay the costs accrued in this court.