Charles M. WARNER,
Plaintiff-Respondent,

v.

Charles F. WARNER,
Defendant-Appellant.

No. 45775.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 13, 1983.

---

**6.** A transcript concerning the pretrial hearing for disclosure, if any exists, is not part of the record before us.

Allan F. Stewart, Clayton, for defendant-appellant.

Charles M. Warner, pro se.

GAERTNER, Judge.

This is an appeal from the judgment of the Probate Division of the Circuit Court of St. Louis County in a proceeding to discover assets allegedly belonging to a decedent's estate. It is a statutory proceeding under § 473.340, RSMo 1978, which provides, in pertinent part, as follows:

"Any executor, administrator, creditor, beneficiary or other person who claims an interest in property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate may file a verified petition in the probate division of the circuit court in which that estate is pending seeking determination of the title, or right of possession thereto, or both. The petition shall describe the

property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both are being adversely withheld or claimed."

Respondent initiated the action by the filing of an "Affidavit to Discover Assets."[1] It was there alleged that appellant, the personal representative of decedent's estate, had concealed or withheld certain property of the decedent. The affidavit specifies three particular items of property, only one of which, a 1958 Mercedes automobile purchased in 1979 for the sum of $3,000, remains in dispute on this appeal.

At the outset, we are confronted with an issue not raised by the parties and, from what can be gleaned from the Record on Appeal, not considered by the trial court. That is the question of jurisdiction. As stated in *Corder v. Corder*, 546 S.W.2d 798, 800 (Mo.App.1977),

"Although neither party has questioned this court's jurisdiction, it may not be conferred by waiver, silence, acquiesence, or consent, and it is incumbent upon this court to sua sponte inquire into and determine whether it has jurisdiction."

Moreover, where the trial court does not have jurisdiction to determine the issues presented on the merits, the Court of Appeals does not have jurisdiction to determine the appeal on the merits. *Hart v. Bd. of Adj. of City of Marshall*, 616 S.W.2d 111, 113 (Mo.App.1981).

It is axiomatic that one who seeks relief under the provisions of a statute must plead and prove that he falls within the purview of that statute. Section 473.340(1), RSMo 1978 creates a procedure available to a "person who claims an interest in property which is claimed . . . should be an asset of an estate." Such a person must file a verified petition which "shall allege the na-

1. The verified pleading filed by respondent is denominated "Affidavit to Discover Assets," a pleading referred to in § 473.353, RSMo 1969. This section was repealed in 1973 and its content was consolidated into § 473.340 RSMo 1978 at that time. For purposes of the jurisdictional issue here presented, the changes in the statute are not of significance as the repealed statute also required the filing of an affidavit by an "interested person" in order to invoke the jurisdiction of the court. *See also, In Re Main's Estate*, 236 Mo.App. 88, 152 S.W.2d 696 (1941).

ture of the interest of the petitioner . . . ." A legally cognizable property interest is essential to the statement of a cause of action under the statute. *Clair v. Whittaker*, 557 S.W.2d 236, 240 (Mo. banc 1977). Here, the verified petition filed by respondent fails to allege that he has any interest in the estate or in the property. The petition identifies respondent as a person "named as spouse in the Last Will and Testament of deceased." It does not allege any personal claim to the property involved, but rather avers that the property should be inventoried as a part of the decedent's estate. Nothing in the petition tends to show that respondent has any interest in the estate. Being "named as spouse" rather than as a legatee in the will creates no interest in the estate. Even if the petition had claimed respondent was actually the spouse of decedent at the time of her death, rather than merely being denominated as such, no interest would be shown in the absence of further allegations such as spousal election to take against the will.

Pursuant to Rule 81.12(e) we have supplemented the Record on Appeal by ordering a copy of the Last Will and Testament of Erna A. Warner from the Clerk of the trial court. We find that respondent is named in said will in the following language:

> "I intentionally make no provision in this my will for Charles M. Warner, who has abandoned me and deserted our marital home to live in a bigamous marriage with another woman. I direct that my executor, or my executrix, and the attorney handling my estate, take all possible steps to assure that Charles M. Warner does not participate in my estate."

This testamentary charge merely accentuates the inadequacy of the allegations of the petition. A spouse who is guilty of marital misconduct such as that charged in the will forfeits all marital rights in the estate of his deceased spouse. § 474.140, RSMo 1978; *Lane v. St. Louis Union Trust Co.*, 356 Mo. 76, 201 S.W.2d 288, 291 (1947).

Section 473.340(2), RSMo 1978 provides that all proceedings thereunder shall be governed by the Missouri Rules of Civil Procedure. Rule 52.01 requires every civil action to be brought in the name of the real party in interest. "To warrant standing as a party, a prospective plaintiff must have some actual, justiciable interest susceptible of protection through litigation." *Janssen v. Guarantee Land Title Company,* 571 S.W.2d 702, 706 (Mo.App.1978). Failure to allege such an interest in a petition constitutes a failure to state a claim upon which relief can be granted and is jurisdictional.

Furthermore, the transcript of the hearing before the Circuit Judge is totally devoid of any mention of the relationship between respondent and decedent. Nor is there any other evidence tending to show that respondent has any interest in or claim against the estate. Respondent has failed to plead or to prove an essential element of this statutory proceeding.

Accordingly, the judgment of the Circuit Court is reversed.

DOWD, C.J., and SNYDER, P.J., concur.