FRANCES SMITH ET AL., Defendants in Error, *v.* JOHN T. GILMORE, Plaintiff in Error.

### January 16, 1883.

1. JURISDICTION OF PROBATE COURT. — The probate court has no jurisdiction to try the title to personal property.
2. —— PRACTICE. —A voluntary submission to the probate court of the question of title to certain notes claimed by both the widow and the heirs of an intestate, does not give the court jurisdiction.

ERROR to the Lincoln Circuit Court, ROBINSON, J.
*Reversed and remanded.*
NORTON, MARTIN & DRYDEN, for the plaintiff in error.
MCKEE, AVERY & POWELL, for the defendants in error.

BAKEWELL, J., delivered the opinion of the court.

At the October term, 1880, of the probate court of Lincoln County, plaintiff and defendant agreed to submit to that court certain matters in dispute between them. This submission was in writing, as follows: "Now here comes Frances Smith and her husband, by McKee & McFarland, their attorneys, and also comes John T. Gilmore, by his attorneys, and here agree and consent that all matters of dispute in reference to the ownership of certain notes given to Richard Wommack by the following parties, James D. Dodson, Samuel Cox, and James Tucker, shall and may be decided by the probate court at the January term thereof for 1881, upon such evidence, agreements, etc., as may be

produced by said parties. And the said Frances Smith, here deposits in said court the note of said Samuel Cox, and deed of trust, and also the sum of $120, collected on note of J. D. Dodson, and note of J. D. Dodson for balance of $29.35 ; and John T. Gilmore deposits the sum of $214, collected by him on the James Tucker note. Also, to decide the ownership of the following Lincoln County bonds, inventoried as the property of Richard Wommack by John T. Gilmore, administrator, and claimed by Frances Smith, to wit : Nos. 543 and 400, each for the sum of $500, and now on deposit at the Farmers and Mechanics' Savings Bank at Troy, Mo. The receipts of the parties are hereto attached in lieu of the money above specified. It is further agreed that either party may appeal from the judgment of the judge of the probate court rendered in this cause."

A jury was waived ; and, after hearing evidence, the probate court found that the Cox and Tucker notes are the individual property of plaintiff Frances Smith, and the Dodson note and the Lincoln County bonds are her property, subject to payment of debts of defendant (*sic*). And the court decreed that defendant deliver to plaintiff the Cox and Tucker notes, and retain the bonds and the Dodson note until such time as he shall ascertain that they are not required to pay debts of the Wommack estate.

From this decree defendant appealed to the circuit court, where the cause was tried without a jury, and the court found all the notes and bonds in question, and the $214 collected and on deposit, to be the property of plaintiff Frances Smith, and ordered that these notes, bonds, and money be turned over by defendant Gilmore, to plaintiff.

It appears that Frances Smith, before her marriage with her co-plaintiff, was the widow of Richard Wommack, who died in March, 1880. Defendant Gilmore is the administrator of Wommack. He inventoried the Tucker note and the bonds. The other notes were in the possession of plaintiff Frances, and were not inventoried.

The notes in dispute were all made payable to the order of Wommack; the bonds were bought by him and deposited by him in his own name. The farm on which Wommack and his wife resided at his death came to plaintiff Frances by partition proceedings, but Wommack procured the deed to it to be made in his own name. Frances also owned in her own right a large amount of personalty. She received, during her marriage with Wommack, $7,070 from the estate of Morris, her former husband. She was illiterate and Wommack attended to her business, loaning her money, and sometimes taking notes payable to him for her money. After Wommack's death, his children and widow disputed as to the ownership of the farm and of these notes and bonds. They met to agree upon terms of settlement at the house of Gilmore. This was before administration upon Wommack's estate. Wommack left no children by plaintiff. After talking the matter over, the Wommack heirs and plaintiff Frances all signed the following agreement : —

"Articles of agreement made and entered into this 9th day of April, 1880, by and between Frances Wommack, widow of the late Richard Wommack, deceased, of the first part, and the children and heirs at law of the said Richard Wommack, deceased, of the second part, in view of the equitable and amicable settlement of all matters pertaining to the estate of the said Richard Wommack, deceased, and the said Frances, his widow, are as follows : In consideration of a quit-claim deed being this day made, executed, and delivered by said heirs to the farm on which said Richard Wommack, deceased, lived up to the time of his death, and on which Frances Wommack, his widow, now resides, and also one note turned over to her by said heirs, against Christopher Ricks, date not remembered, for $400, which said note is made payable to Richard Wommack, deceased, and upon her part for the above consideration, she is to turn over and release every claim to them, one certain note on Israel Morris, dated July, 1869, for $700, and now

out of date by the statute of limitations; also one note on Willis K. Henry, given in the fall of 1878, for $100, and also his horse and buggy, and all other notes, bonds, and effects in his name. And if any of the parties whose names are signed to this agreement, contract, and obligation, should refuse to comply or abide by this obligation, are to forfeit and pay to the other parties the sum of $1,500, to be recovered in any court having jurisdiction of the same." The quit-claim deed was delivered in accordance with this agreement. Plaintiff swears that she did not understand the agreement. There are a great many objections saved to the competency of testimony and to the introduction of depositions.

We do not think it necessary to pass upon the points made by plaintiff in error in his brief. We do not think that the probate court had jurisdiction in this proceeding to pass upon the rights of property in these notes and bonds. No such jurisdiction seems to be conferred by the terms of the statute establishing probate courts and defining their powers. Rev. Stats., sect. 1176. Nor do we see anything in the chapter on administration conferring any such power upon the probate court. If the administrator has reason to believe that any one has concealed or embezzled property of the estate and has it in possession, the court may, on application of the administrator, verified by affidavit, cite such person; and, if the person cited does not admit the allegations in the affidavit, he must be examined under oath, and an issue may be made upon interrogatories and answers, to be tried by a jury, or by the court; and, if the party cited is convicted, the court must compel delivery of the property by attachment. Rev. Stats., sects. 75, 78. But this is not a proceeding to try title. It seems to go only to the right of possession. And we are aware of no jurisdiction in the probate court to try the question whether specific personal property claimed by the administrator as assets belongs of right to the estate of the

deceased. Consent could not, of course, confer such juris-diction. And if we are correct in the view that we take of the powers of the probate court, the decree in the present case determines the rights of no one, does not settle the issues as to ownership which the parties endeavored to sub-mit to the court, and is absolutely void. Even if it be held that the sections of the administration law cited above settle the question of title between the persons withholding personalty from the estate and the administrator, these proceedings were not inaugurated under those sections, nor according to the terms prescribed in them.

The question of jurisdiction does not seem to have oc-curred to counsel. It has been taken for granted that the court had jurisdiction. No light has been thrown upon this question in argument. In accordance with the views which we entertain of this question, the judgment must be reversed and the cause remanded, with instructions to the circuit court to dismiss the appeal. It is so ordered. All the judges concur.