## MOBLEY *v.* ANDREWS.

Decided December 12, 1891.

1. *Widow—Rents.*

   A widow in possession of the mansion of her late husband is entitled in her own right to collect the rents from a farm thereto attached until dower is assigned her.

2. *Probate court—Jurisdiction.*

   A probate court has no jurisdiction to adjudicate a claim by a widow against the administrator of her husband for rents due her which were collected by such administrator.

APPEAL from *Sharp* Circuit Court.
JAMES W. BUTLER, Judge.

### STATEMENT BY THE COURT.

On the 6th of June, 1889, C. J. Andrews, as administrator of the estate of N. A. Puckett, deceased, filed his petition in the probate court of Sharp county, alleging therein that Daniel Puckett died, in said county, in the month of February, 1887, intestate, leaving the said N. A. Puckett, his widow, surviving; that he was the owner of lands upon which he resided at the time of his death; that, no dower

having been assigned to the widow in the lands of the de-
ceased, she tarried in his house until the 3d day of February,
1888, excepting a short time she resided at Evening Shade,
Ark.; and that rents accrued from said farm and lands dur-
ing the year 1887, which are now in the hands of Calvin
Mobley, as administrator of the estate of the said Daniel
Puckett, deceased; and asking that Mobley, as such admin-
istrator, be directed to deliver the rents to him as the
administrator of the widow. Mobley demurred, because
the probate court did not have jurisdiction of the subject
matter of the petition. The demurrer was overruled by the
probate court, and on appeal to the circuit court was again
overruled; and judgment was rendered against the defend-
ant for the rents, and he appealed.

*Jno. B. McCaleb* for appellant.

1. This was an action for the recovery of personal prop-
erty, and the probate court had no jurisdiction of the subject
matter. 33 Ark., 575, 727; 34 *id.*, 63; 40 *id.*, 433; 15 *id.*,
381; 16 *id.*, 474; 27 *id.*, 306; 35 Conn., 113; Wells on
Jurisdiction, sec. 280, p. 293.

2. Sec. 2588, Mansf. Dig., confers a mere personal right
on the widow, which does not survive to her administrator.
Schouler on Husb. & W., sec. 430; Smith, Prob. Law, 109;
Endlich, Int. Stat., secs. 100-1; 10 Met., 170.

BATTLE, J., after stating the facts as above.

A cause of action was defectively stated in the petition. 1. Widow en-
From the allegations in the petition we infer that Daniel titled to rent of home farm.
Puckett, at the time of his death, was the owner of a mansion
or chief dwelling house and a farm thereto attached, and
that they were on and a part of the lands mentioned in the
petition. If this be true, the widow was entitled to hold
and possess the same in person, by tenant or agent, and to
the rents accruing therefrom, until her dower in the lands of
her husband was laid off and assigned to her, or until she
abandoned them. Mansfield's Digest, secs. 2587, 2588;

*Carnall* v. *Wilson*, 21 Ark., 62; *Davenport* v. *Devenaux*, 45 Ark., 341; *Padgett* v. *Norman*, 44 Ark., 490.

2. Jurisdiction of probate court.    Such rents form no part of the estate of the deceased. husband, but were the individual property of the .widow.. *Mock* v. *Pleasants*, 34 Ark., 63; *Trimble* v. *James*, 40 Ark., 393, 411. In the assertion of this right the administrator of the widow in this case asked that the rents in question, alleged to have been collected and held by the administrator of the deceased husband as assets of his estate, be delivered to him. In this way he sought to litigate the right of the husband's administrator to hold the rents of the chief dwelling house and farm thereto attached as assets, and to establish his title to the same, in the probate court. In other words, he asked the probate court to adjudicate a contested. claim of title to property which was adverse to the estate of the husband. This the probate court had .no right to do. *Moss* v. *Sandefur*, 15 Ark., 381; *Clark* v. *Shelton*, 16· Ark., 474, 482; *Marston* v. *Paulding*, 10 Paige, 40; *Theller* v. *Such*, 57 Cal., 447, 459; *Shumway* v. *Cooper*, 16 Barb., 556, 559; *Homer's Appeal*, 35 Conn., 113, 114; *Heirs of Edwards* v. *Mounts*, 61 Texas, 398; *Wise* v. *O'Malley*, 60· Texas, 588; *Merrick's Estate*, 8 Watts & Sergeant, 402; *Wadsworth* v. *Chick*, 55 Texas, 241.

The judgment of the circuit court is, therefore, reversed,. and the cause is remanded with instructions to the court to. sustain the demurrer.