## IN RE FRAZEE.

## IN RE CRUTCHFIELD

### Opinion delivered October 4, 1901.

*1. Guardian and Ward—Probate Jurisdiction of Territorial Courts.*

The jurisdiction and powers of the territorial courts in probate matters are only those of the probate courts of Arkansas, and they have, therefore, no jurisdiction of contested claims between two guardians arising out of rents and profits of a tenancy in common.

*2. Appearance—Submission to Jurisdiction.*

Where a guardian appeared and filed an account of her guardianship, in pursuance to an order of the court, she will not be deemed thereby to have consented and submitted to the jurisdiction of the court with regard to a subsequent order requiring her to pay over to ano her guardian a certain sum in her hands.

Appeal from the United States Court for the Northern District.

JOSEPH A. GILL, Judge.

Proceedings by Morris Frazee, as guardian, in the matter of the guardianship of Taylor Crutchfield. From an order requiring Josie Crutchfield, as guardian, to pay a certain sum of money to Morris Frazee as guardian, Josie Crutchfield appeals. Reversed.

The appellant, Josie Crutchfield, as the guardian of Vinita Crutchfield, a minor, and the appellee, Morris Frazee as guardian of Taylor Crutchfield, a minor, with their wards, are citizens of the Cherokee Nation, and the letters of

guardianship were originally issued by the Cherokee courts. Taylor and Vinita are both the children of James M. Crutchfield, deceased; Taylor by a former wife, and Vinita by the appellant, Josie Crutchfield. The will of James M. Crutchfield, deceased, devised to these minors, and to Josie Crutchfield during her life or widowhood, certain farms and improvements in common which property has been occupied and managed by Josie Crutchfield since the death of James M. Crutchfield; and also certain farms and improvements to the said minors, Taylor and Vinita. These farms and improvements have been rented, and the rents collected by the two guardians herein named, respectively, Morris Frazee, as guardian for Taylor Crutchfield, and Josie Crutchfield, as guardian for Vinita Crutchfield, and their reports made to the Cherokee probate court, as provided by the Cherokee law. After the passage of the act of congress of June 28, 1898 (Ind. T. Ann. St. 1899, c. 3a), known as the "Curtis Bill," transferring the jurisdiction of the Cherokee courts to the United States courts in the Indian Territory, the appellee, Morris Frazee, upon his petition, was duly appointed, by the latter court, guardian of his said ward Taylor Crutchfield, and afterwards filed his petition praying that Josie Crutchfield be required to come into court and perfect her guardianship of Vinita Crutchfield; and that the Cherokee probate judge of Cooweescoowee district, before whom the case had theretofore been pending, should be required to certify up to the United States court all of the papers pertaining to the case, as required by the act of congress. The order was made, and the papers duly transferred from the one court to the other. The order reads as follows: "It is therefore considered, ordered, and adjudged by the court that Watt Starr, district judge of Cooweescoowee district, Cherokee Nation, be and is hereby required to certify to this court all papers pertaining to said guardianship of

Josie Crutchfield as guardian of Vinita Crutchfield, and that the clerk of this court is hereby directed to issue citation on Josie Crutchfield, guardian of Vinita Crutchfield, to appear in this court on the 6th day of February, 1899, and make a full report of her actions in said guardianship, and render a general accounting between herself as guardian of Vinita Crutchfield and Morris Frazee as guardian of Taylor Crutchfield." The order was served on the appellant, Josie Crutchfield, and on the 16th day of February, 1899, by general reference, the parties hereto appeared before the probate commissioner at Vinita, and Josie Crutchfield, as guardian of Vinita Crutchfield, filed her statement of account of the joint property of the two minors which had been in her possession; and M. Frazee, as guardian of Taylor Crutchfield, filed his statement of account of the property managed by him belonging to the two wards. Pending the finding and report of the probate commissioner, and on the 23d day of March, 1899, Josie Crutchfield filed her application and bond in the United States court at Vinita, and letters of guardianship were issued to her as guardian of Vinita Crutchfield. The probate commissioner filed his report on March 28, 1899, and at the next term of the court November 3, 1899, no exceptions having been filed to the report by either party, it was by the court approved, and Josie Crutchfield, as guardian of Vinita Crutchfield, was cited to show why certain funds in her hands belonging to Taylor Crutchfield should not be paid to M. Frazee as guardian. The citation was issued and served, and on December 13, 1899, appellant appeared before the probate commissioner, and asked for more time in which to respond to the order of the court, and an extension was granted until December 20, 1899, but on said date the appellant failed to appear and show cause why the order was not complied with. The report of the commissioner was filed with the court on February 17, 1900, and an order made by the court,

and served on the appellant, Josie Crutchfield, on February 20, 1900, which order is as follows: "It is therefore considered, ordered, and adjudged by the court that the said report be filed; and it is further ordered that Josie Crutchfield, as guardian of Vinita Crutchfield, pay into the registry of this court, to be paid by the clerk herein to Morris Frazee, as guardian of Taylor Crutchfield, the sum of $237.62, within twenty days of the date of this order, and that W. H. Tibbils, probate commissioner, be allowed a fee of ten dollars, to be paid into the court by the parties in interest, namely, Josie Crutchfield, as guardian of Vinita Crutchfield, and Morris Frazee, as guardian of Taylor Crutchfield, and that said parties herein named each pay one-half of the costs of this proceeding and accounting." On February 24, 1900, Josie Crutchfield filed her motion asking that the orders heretofore made by the court be set aside, as being coram non judice and void. This motion was overruled, exceptions saved, and an appeal regularly taken.

*Poe & Campbell* and *John B. Turner*, for appellant.

*W. P. Thompson* and *Jos. S. Davenport*, for appellees.

CLAYTON, J. The only question arising from the foregoing statement of facts is: Did the United States court for the Northern district of the Indian Territory, sitting in probate, have jurisdiction to hear and determine the controversy between the two guardians, and make and enforce the order of February 17, 1900? The fact that the United States courts in the Indian Territory are vested with the powers, both at law and in equity, of circuit and district courts of the United States and the circuit court of Arkansas makes no difference, because in the trial of this case it was sitting as a probate court, exercising only its probate powers, which are identical with those of the probate court of Arkansas. J. M. Crutchfield, by his will, devised to his

(39)

wife, the appellant, and the two children, a one-third interest, each, to the premises. At his death, and before partition, they took the land as tenants in common. The appellant, Mrs. Crutchfield, took possession as a tenant in common with the other two, she being entitled to a one-third undivided interest; and she also took possession of a one-third interest by virtue of her guardianship of her daughter, Vinita; but as to the other one-third interest— that of Taylor—she took possession only by virtue of the tenancy in common. As between her and Taylor there was no such fiduciary relationship existing as would give a court of probate jurisdiction to hear and determine the contentions between them, or between her and his guardian. The order of January 23rd was simply an order requiring the appellant to file her report, showing the condition of the account between these guardians. That far the probate court had the right to go, because it had jurisdiction over both, and for the interest of each of the wards it was necessary that the account should be stated, and as between these guardians and their respective wards the court could make such orders as justice might require; but as to any contested claims as between the two guardians arising out of the rents and profits of the tenancy in common the court had no jurisdiction. As to that the two guardians stood at arm's length, and were strangers to each other. In this case the court had no jurisdiction by virtue of the powers usually conferred on probate courts in relation to the disposition of estates of deceased persons, because the devisees named in the will had taken possession of the devised premises, and there was nothing left in relation to the estate of the deceased for the court to act upon. Its power in the case was, therefore, necessarily confined to its jurisdiction over these guardians as such. Of course the fact that one of the minors, Vinita, was the daughter of appellant, and the other, Taylor, her stepson, could make no difference. They were none the less strangers to each

other, as far as this case is concerned, than if no relationship had existed. Nor does the fact that the two guardians are tenants in common with appellant of lands derived from the same devisee give to the court any other jurisdiction as to these parties than that which by statute it possesses over the estates of minors and their guardians. Considering these two guardians, then, as strangers in the suit, did the United States court, sitting in probate, have jurisdiction to hear and determine the controversy between them? The final order reads: "It is therefore considered, ordered, and adjudged by the court that the said report [the commissioner's report] be filed; and it is further ordered that Josie Crutchfield, as guardian of Vinita Crutchfield, pay into the registry of this court, to be paid by the clerk herein to Morris Frazee, as guardian of Taylor Crutchfield, the sum of $237.62 within twenty days from the date of this order." The probate court has only such jurisdiction as is conferred by statute and we fail to find any statute conferring on this court any such jurisdiction as to enable it to legally make and enforce such an order as between contesting parties strangers to each other. Woerner, in his American Law of Administration (2d Ed.) 151, says: "Since the functions of probate courts are limited, in respect of executors and administrators, to the control of the devolution of property upon the death of its owner, it is not their province to adjudicate upon collateral questions. The right or title of decendent to property claimed by the executor or administrator against third persons, or by third persons against him, as well as claims of third persons against creditors, heirs, legatees, devisees, or distributees, must, if an adjudication become necessary, be tried in courts of general jurisdiction, unless such jurisdiction be expressly conferred on probate courts." See also, section 412. And, of course the same rule applies as to guardians. Myrick vs Jacks, 33 Ark. 428; Moss vs Sandefur, 15 Ark. 381; Mobley vs

Andrews, 55 Ark. 222, 17 S. W. 805; Smith vs Gilmore, 13 Mo. App. 155; Hoehn vs Struttman, 71 Mo. App. 399. But it is contended that the appellant, Mrs. Crutchfield, having submitted to the jurisdiction of the court, is bound by the judgment. If it were conceded that the appearance and consent of the parties could give jurisdiction to the probate court of such a case as this, it would avail the appellee nothing, unless he could show that the appellant entered her appearance or consented to the proceedings; and this no-where appears in the record. It is true that, in response to the order of January 23. 1899, she filed her report, stating the account between her and her ward; but this she was compelled to do, because the court had jurisdiction to order it. But, when done, it was a finality, as far as the power of the court to proceed further is concerned, as to all con-tested claims, except as between her and her ward. She was in court, not to defend against a suit over which the court had no jurisdiction, but to comply with its lawful orders, and when she did that the record shows no further appearance until she came in after the final order had been made, in her absence, to move the court to set it aside because made without jurisdiction. This was neither consent nor appearance. We therefore hold that the court below was without jurisdiction to enter the order of February 17, 1900. Reversed and remanded, with direction to the United States court for the Northern district of the Indian Terri-tory at Vinita to make and enter such orders of record as will nullify the said order of February 17, 1900.

TOWNSEND, C. J. and RAYMOND, J., concur.