STATE of Missouri ex rel. Eve MELETIO, Executrix Under the Will of G. William Meletio, Deceased, Relator,

v.

David R. HENSLEY, Judge of the Probate Court of St. Louis County, State of Missouri, Respondent.

No. 31003.

St. Louis Court of Appeals.

Missouri.

June 12, 1962.

Pollock, Ward, Klobasa & Shaw, T. Hartley Pollock, John A. Shaw, William

E. Buckley, Douglas B. Remmers, St. Louis, for relator.

Chapman, Schwartz, Chapman & Kroening, Adolph K. Schwartz, Peter R. Viviano, St. Louis, for respondent.

DOERNER, Commissioner.

This is an original proceeding in prohibition. Relator seeks to restrain the respondent, Judge of the Probate Court of St. Louis County, Missouri, from exercising jurisdiction of the issues presented by a petition filed by The Meletio Company, a corporation, in the Estate of G. William Meletio, deceased.

The essential facts are these: On April 7, 1959, G. William Meletio and John H. Meletio, who owned or controlled the majority of the outstanding common stock of The Meletio Company, a Delaware corporation, and that corporation, entered into a written contract entitled "Stock Retirement Agreement." By that instrument the parties agreed that neither of the two individual stockholders might dispose or encumber any of his stock in the Company without first obtaining the written consent of the other; and that in the absence of a written consent from the other, if either stockholder desired to sell he was required to sell to the Company, and the Company was obligated to buy. In paragraph 2 of the agreement it was further provided:

"2. Upon the death of a Stockholder all his stock shall be purchased or redeemed by the Corporation. The purchase or redemption price of each share of stock shall be the amount computed under the provisions of paragraph 4 as set out hereafter. The purchase price shall be paid in the manner set forth in paragraph 3 of this agreement. The estate of the decedent shall be obligated to offer such stock for sale or redemption as herein provided and such offer shall be made or deemed to have been made within thirty (30) days after the

qualification of a legal representative of such estate."

In paragraph 4 it was recited that the purchase or redemption price was to be the book value of the stock as determined by the Company's independent public accountants in accordance with the customary accounting procedures used by the Company, adjusted, however, to reflect the market value of any listed securities which the Company might own. By paragraph 3 it was further agreed that in the case of the stock of G. William Meletio the first $100,000 of the purchase price was to be paid in cash, and the balance was to be evidenced by promissory notes payable in annual installments equal to 10% of the total unpaid balance, with interest at 5%. Subparagraph (d) of that paragraph provided:

"(d) The aforesaid cash and notes, if any shall be paid and delivered to the legal representative of the estate of the deceased Stockholder as soon after the qualification of the legal representative of such estate as may be practical, but shall in any event be paid and delivered within one year next following the qualification or appointment of such legal representative. Upon delivery of the aforesaid cash and notes, if any, in payment of the aforesaid purchase or redemption price, the stock certificates shall be delivered, duly endorsed for transfer, to the Corporation or to the other Stockholder with the necessary transfer stamps thereon duly affixed and cancelled, together with all the necessary documents effectively to transfer such stock."

G. William Meletio died a resident of St. Louis County, Missouri, on April 17, 1960. In due time his will was admitted to probate and in accordance with the terms thereof the relator, the widow of the testator, was appointed executrix. On or about February 16, 1961, The Meletio Company filed in the Probate Court a petition entitled "Petition for Order of Redemption of Stock," in which, after referring to and incorporating by reference an attached copy of the Stock Retirement Agreement, it alleged:

"3. Upon the date of death of G. William Meletio, he was the owner of five hundred fifty-two (552) shares of the common stock of The Meletio Company."

It was further alleged that the value of such stock, as determined in accordance with the Stock Retirement Agreement, was $445.69 per share, or a total of $246,020.88; that the Company was "ready, willing and able to complete the purchase or redemption of all of the said stock of G. William Meletio, deceased," and that it thereby tendered to the court and to the executrix the sum of $100,000 in cash and the notes, as provided in the Stock Retirement Agreement; and that the Company "is the owner" of the said 552 shares "as provided under said Exhibit 'A'" (the Agreement), which shares "are in the possession of the Executrix of this Estate and are being wrongfully withheld from the undersigned by said Executrix." The petition concluded with the prayer "that the Court order and direct the Executrix to accept payment for the said five hundred fifty-two (552) shares of common capital stock of The Meletio Company as provided in Exhibit 'A' and to deliver said five hundred fifty-two (552) shares of stock to Petitioner." Subsequently the company amended its petition by alleging that the value of the stock was $449.-35 per share, or a total of $248,041.20.

Relator filed an answer to the petition of The Meletio Company, subsequently amended, in which, among other matters not here pertinent, she pleaded that the Probate Court lacked jurisdiction of the subject matter of the petition, and that it had no jurisdiction to hear and determine the same. The Company filed a reply in which it claimed that the Court had jurisdiction under V.A.M.S. § 473.357. The Company's petition to redeem the stock was set for a hearing, at which time relator objected to

the court proceeding, and moved that the petition be dismissed because of the lack of jurisdiction. Respondent overruled the motion, held that the Probate Court had the requisite jurisdiction to entertain the petition, and relator thereupon instituted this proceeding.

As stated by the respondent in its brief, and concurred in by relator, "The only question to be determined by this Court is whether or not the Probate Court of St. Louis County has jurisdiction of the proceedings under V.A.M.S., Sec. 473.357." As amended, that section now reads:

"If a person files in the probate court a verified petition alleging that the decedent was not and that the petitioner is the owner of personal property described therein, and that it is in the possession of the executor or administrator, and alleges how he acquired ownership thereof and that possession of the property is being wrongfully withheld from him by the executor or administrator, and prays that the court determine the title thereto and order and direct the executor or administrator to deliver the property to the petitioner, a notice and a copy of the petition shall be served on the executor or administrator, who, within ten days thereafter, shall file answer to the petition. If the answer does not admit the allegations of the petition the matter shall be set for hearing by the court and tried upon the issues under the petition and answer, and judgment shall be rendered according to the finding and for costs."

Section 473.357 was first enacted in 1955 as a part of our new probate code, Laws 1955, p. 385, Sec. 133, and was amended in 1959 in a manner not here relevant, Laws 1959, S.B. 141, Sec. 1. A search of the model probate code, the source of much of our new code, failed to reveal a similar section. Simes (Michigan Legal Studies)— The Model Probate Code. The comment of the committee which drafted the new

probate code was that Section 473.357 was "an entirely new section which has been drafted to meet criticisms of the present law by the bar. It authorizes a proceeding to determine title of property which is in the possession of the executor or administrator, in the probate court." See Smith v. Gilmore, 13 Mo.App. 155.

The language of the statute is clear and unambiguous. Under Section 473.357 the essential allegations which must be made by the petitioner in his verified petition are: (1) That the decedent *was not* the owner of the described and disputed personal property; (2) That the petitioner is the owner; (3) How the petitioner acquired ownership; and (4) That possession thereof is being wrongfully withheld from petitioner by the executor or administrator. And the petitioner must pray that the court determine the title to the property.

It is obvious that the "Petition for Order of Redemption of Stock" filed in the Probate Court by The Meletio Company does not contain all of the essential allegations required by Section 473.357. It is not alleged in the petition that the decedent "was not * * * the owner" of the 552 shares of stock. On the contrary, it is affirmatively alleged that "Upon the date of death of G. William Meletio, he was the owner of five hundred fifty-two (552) shares of the common stock of The Meletio Company." Thus the petitioner concedes that the title to the stock was in the decedent at the time of his death, and not in the petitioner.

■ Furthermore, while it is alleged in the petition that The Meletio Company is the owner of the stock, this claim is predicated upon the succeeding clause "as provided under said Exhibit 'A'," the Stock Retirement Agreement. This claim of ownership is based on the theory of The Meletio Company that by that Agreement the legal title to the stock immediately passed to the Company on the death of the decedent. The general rule is that the title to personal property of a decedent vests in the personal representative charged with the re-

sponsibility of the administration of his estate. Haley v. Horjul, Inc., Mo., 281 S.W.2d 832. There is nothing in the Agreement which contravenes or conflicts with this general rule. In fact, as the portions heretofore quoted show, it was recognized that the title to the stock was not to pass to The Meletio Company until the Company paid the purchase price to the personal representative and the latter delivered the stock certificates to the Company, duly endorsed for transfer.

Lastly, it is likewise clear from the prayer of the petition that the relief sought by the petitioner is not within the purview of Section 473.357. The petitioner did not ask that the court determine its title to the stock. The relief prayed was that the court order and direct the executrix to accept payment "as provided in Exhibit 'A'," the stock Retirement Agreement, and that she be required to deliver the stock to the petitioner. Such an order would be the equivalent of a decree for the specific performance of a contract to sell stock, not a determination of the title thereto as contemplated by Section 473.357.

Respondent contends that the cases of Longacre v. Knowles, Mo.Sup., 333 S.W.2d 67 and Masterson v. Plummer, Mo.App., 343 S.W.2d 352 support his claim of jurisdiction. While those cases involved petitions under Section 473.357, the factual situations were in no way similar to the facts in the instant case, the decisions dealt only with the merits of the controversies presented, and the jurisdiction of the Probate Court under that statute was not raised or discussed.

As stated, respondent's only claim of jurisdiction to hear and determine the issues presented by the Petition for Order of Redemption of Stock is based on Section 473.357. Since the petition does not state a cause of action or claim for relief cognizable under that statute, and cannot be amended to do so, the respondent is acting without and in excess of his jurisdiction. State ex rel. Barlow v. Holtcamp, 322 Mo.

258, 14 S.W.2d 646. The Commissioner therefore recommends that the preliminary rule in prohibition be made absolute.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, the preliminary rule in prohibition is absolute.

ANDERSON, P. J. and WOLFE, J., concur.