In re ESTATE of May H. WILLIAMSON, Deceased, Clyde H. Williamson, Petitioner-Appellant,

v.

Ralph S. WILLIAMSON, Administrator Pendente Lite, Respondent.

No. 50189.

Supreme Court of Missouri,

Division No. 2.

June 8, 1964.

Motion for Rehearing or Transfer to Court En Banc Denied July 13, 1964.

Frank E. Morris, St. Louis, for respondent.

Dale Reaban, Mortimer Rosecan, St. Louis, for appellant.

STORCKMAN, Presiding Judge.

This proceeding was commenced in the probate court of the City of St. Louis under Section 473.357 RSMo 1959, V.A.M.S., to determine title to assets in the hands of the administrator pendente lite of the estate of May H. Williamson, deceased. The probate court found against the petitioner Clyde H. Williamson and he appealed to the circuit court where the administrator Ralph S. Williamson filed a motion to dismiss for failure of the petition to state a claim and on the further ground that the probate court lacked jurisdiction of the subject matter under § 473.-357, so that the circuit court acquired no jurisdiction on appeal. The motion was sustained and the petition was dismissed. The petitioner has appealed to this court.

Clyde H. and Ralph S. Williamson are sons of May H. Williamson who died testate on September 2, 1957. The petition filed by Clyde in the probate court alleges that the will was admitted to probate on September 24, 1957, and Ralph was appointed executor. A will contest was filed June 6, 1958, and thereafter Ralph was appointed administrator pendente lite. The petition further asserts that he and his mother were joint tenants in bank and savings and loan accounts and that he had legal title and possession of a sum of cash in a safe deposit box in his name to which his mother had access as a deputy; that after his mother's death the administrator persuaded him to turn over these assets aggregating $37,520 on the fraudulent representation that it was necessary for tax purposes to deliver the property to the administrator and the balance after taxes would be transferred back to the petitioner as the legal owner. The prayer of the petition was that the court determine title to the savings account, the savings certificate and the cash and order and direct the administrator to return and deliver them to the petitioner

or, in lieu thereof, pay to him the sum of $37,520 plus interest.

The answer filed by the administrator admits, as alleged by the petitioner, that May H. Williamson died testate on September 2, 1957, that her will dated April 12, 1957, was admitted to probate on September 24, 1957, and that Ralph S. Williamson was appointed executor; that notice of a will contest was filed on June 6, 1958, and thereafter on April 10, 1959, Ralph was appointed as administrator pendente lite of the estate and is in control and possession of all of its assets. The answer denies all other allegations of the petition and alleges that the petition cannot be maintained under the provisions of Section 473.357 RSMo 1959, V.A.M.S., in that the probate court does not have jurisdiction of the subject matter of the action and that the petition does not state a claim upon which relief can be granted. In the circuit court the administrator filed a separate motion to dismiss on the ground that the probate court did not have jurisdiction of the subject matter of the action, that the petition did not state a claim upon which relief could be granted, and that the circuit court was without jurisdiction on appeal.

The motion to dismiss was sustained by the circuit court on March 21, 1963. The trial judge filed a memorandum which stated in general that neither the probate court nor the circuit court on appeal had jurisdiction to entertain the petition; that the petition was insufficient in that it did not contain an allegation that the decedent was not the owner of the personal property described in the petition; that the statute was intended to cover the determination of title to "specific property" which was taken into possession by an administrator on the death of the decedent although it had not belonged to the decedent; that the petitioner could not make such allegation with respect to the savings account and savings certificate because of the nature of the ownership; and since the cash was commingled with other money assets it could not be specifically identified and was not within the purview of the term "personal property described therein" as used in § 473.357.

We are particularly concerned with the kind of property involved and the allegations with respect to title. The petitioner alleges that there were two savings accounts in the names of "May H. Williamson and Clyde H. Williamson, either or the survivor as joint tenants with the right of survivorship, and not as tenants in common". One was for $9000 opened September 24, 1956; the other a savings certificate for $8000 was issued January 2, 1957. The passbook and the certificate were in the possession of petitioner when Mrs. Williamson died on September 2, 1957. On or about April 1, 1957, a joint checking account was opened in the names of May H. Williamson and Clyde H. Williamson with right of survivorship from which the petitioner rightfully withdrew the sum of $10,673.04 on August 20, 1957; that "on September 2, 1957, he was in possession of and had legal custody of the balance of said cash"; that on November 14, 1957, he purchased using said funds five U. S. Treasury bonds of the face value of $9000 and that he was the legal owner of said bonds. The petitioner further alleges that on September 2, 1957, and for a long time prior thereto he was the legal owner of $11,520 kept in a safe deposit box which box was "in the name of petitioner as owner and the said May H. Williamson as deputy".

The petition further alleges that on December 26, 1957, the petitioner transferred to Ralph S. Williamson, then executor of the estate, the savings account and the savings certificate in reliance on the representation by the executor that, although the petitioner was the legal owner, such transfer was necessary "for tax purposes before said savings account and said savings certificate could go to petitioner as survivor and legal owner", and that the administrator pendente lite is now in possession of the savings account and savings certificate and holding them as assets of the estate. On October 21, 1957, the peti-

tioner transferred to the executor the sum of $11,520 in cash above described relying on the executor's representation that, although the petitioner was the legal owner, such transfer was necessary "for tax purposes before the balance of said cash after taxes could be transferred back to petitioner as legal owner." The administrator is now in possession of the cash and is holding it as an asset of the estate. The petition further alleges that without the knowledge and consent of the petitioner the executor improperly and wrongfully listed the five U. S. Treasury bonds as assets of the estate in the inventory dated and filed January 16, 1958; that on September 16, 1958, the petitioner delivered to the executor the sum of $9000 in cash, the matured value of the bonds, on the representation of the executor that since the bonds had been inventoried in the estate they must be turned over to the executor "for tax purposes, and the balance after taxes would be turned back to petitioner", and the further representation that the executor would have to account for all assets listed in the inventory and deliver them to the administrator pendente lite; that the sum of cash in the amount of $9000 being the proceeds of the bonds is now in the possession of the administrator. The petition then alleges that the statement of Ralph S. Williamson, acting as executor of the estate, was false and untrue and made willfully, maliciously and wantonly in order to obtain custody and control of the property and list them as assets of the estate so that Ralph S. Williamson would benefit as sole beneficiary of the rest and residue under the will of May H. Williamson, deceased. The petitioner further alleges that he is and was at all times mentioned in the petition the legal and rightful owner and had legal title to the savings account, the savings certificate and the cash and is entitled to possession of them.

There are two principal questions presented on this appeal. One is whether the probate court has jurisdiction under § 473.-357 to determine title to the kind of property described in the petition. If the probate court has jurisdiction, the remaining question is whether the petition states a claim upon which relief can be granted.

Section 473.357 was originally enacted as a part of the new probate code effective January 1, 1956, and as amended, Laws 1959, S.B. 141, § 1, reads as follows:

"If a person files in the probate court a verified petition alleging that the decedent was not and that the petitioner is the owner of personal property described therein, and that it is in the possession of the executor or administrator, and alleges how he acquired ownership thereof and that possession of the property is being wrongfully withheld from him by the executor or administrator, and prays that the court determine the title thereto and order and direct the executor or administrator to deliver the property to the petitioner, a notice and a copy of the petition shall be served on the executor or administrator, who, within ten days thereafter, shall file answer to the petition. If the answer does not admit the allegations of the petition the matter shall be set for hearing by the court and tried upon the issues under the petition and answer, in a summary manner, and judgment shall be rendered according to the finding and for costs."

The administrator contends that "this is not the type of claim for which Section 473.357 is intended to afford a remedy." He asserts that the statute was designed to determine title and effect the recovery by the owner of "specific personal property" which may come into the possession of an administrator. He correctly points out that the statute is relatively new and has no parallel in earlier legislation.

The cases decided by our appellate courts involving similar proceedings are not determinative of the precise point here involved. Longacre v. Knowles, Mo., 333 S.W.2d 67, was an action to determine title to certain notes and bonds instituted in the probate court under § 473.357. The deter-

mination was made but the jurisdiction of the probate court to entertain the action was not presented or decided. Likewise in In re Patterson's Estate, Mo., 348 S.W.2d 6, a petition to determine the ownership of a checking account and two savings and loan accounts was filed and disposed of without questioning the jurisdiction of the probate court. Masterson v. Plummer, Mo. App., 343 S.W.2d 352, was an action to determine title to two time certificates of deposits and the proceeds thereof which was instituted in the probate court under § 473.357. The Springfield Court of Appeals held that the deposit certificates executed by Mrs. Crowder payable to the order of herself or her son who was designated as the beneficiary showed an intention to create a trust and the son was entitled to the proceeds of the deposit certificates on the death of his mother. Again, however, the question of the probate court's jurisdiction was not in issue.

The trial court in the instant case relied primarily on State ex rel. Meletio v. Hensley, Mo.App., 358 S.W.2d 85, wherein the Meletio Company filed a petition in the probate court to require the executrix to deliver to the corporation certain shares of its capital stock pursuant to a stock retirement agreement entered into between the corporation and its two principal shareholders upon payment by the corporation of the purchase price in accordance with the agreement. The St. Louis Court of Appeals held in a prohibition proceeding that the petition did not and could not state a cause of action because the petition affirmatively alleged that G. William Meletio was the owner of the shares at the time of his death. State ex rel. Meletio v. Hensley does not rule the exact question before us.

In re Myers' Estate, Mo.App., 368 S.W. 2d 925, held that a probate court did not have jurisdiction under § 473.357 to determine the existence of a trust and to trace and recover trust funds arising from the fact that an agent commingled with his own funds in his bank account the money collected by him for the petitioner. Stress was laid upon the fact that there was no identifiable sum of money in the estate of the decedent as described in the petition. The case was transferred to this court and the judgment of the circuit court permitting recovery was affirmed. In re Myers' Estate, Mo., 376 S.W.2d 219. This court held that the agreement between Mr. Myers and Laclede Gas Company created a specific trust fund to be held for the benefit of Laclede and that the probate court had jurisdiction to trace the money collected into the bank account of Mr. Myers. But the appellate courts have not had an occasion to determine in a comprehensive way the meaning of personal property as used in § 473.357.

The term "personal property" is defined in subdivision 25 of § 472.010 as follows: "When used in this Code, unless otherwise apparent from the context: * * * 'Personal property' includes interests in goods, money, choses in action, evidences of debt, shares of corporate stock and chattels real. * * *." Subdivision 5 of the statute provides that "Code" includes chapter 473. There are certain references in § 473.357 which apply more aptly to specific or tangible personal property, but it is not apparent from the entire context of § 473.357 that the statutory definition of personal property should not apply. In fact a more limited construction of the term would render the remedy incomplete. We deem it to be the legislative intent that the definition of "personal property" as provided in § 472.010, subd. 25, applies to the term as it is used in § 473.357.

██ Money is specifically mentioned in the definition of personal property and the passbook for the savings account and the savings certificate are within the meaning of choses in action and evidences a debt. We conclude that the subject matter described in the petition is within the purview of § 473.357. The probate court does not lack jurisdiction on this score.

The administrator further contends that the petition fails to state a claim under § 473.357 because it does not contain a sufficient allegation that "the decedent was not * * * the owner of personal property described therein". The complete clause is that "the decedent was not and that the petitioner is the owner of personal property described therein". Thus it appears that the petitioner must allege a presently existing ownership. As to the person whose estate is being administered, the required allegation is in the past tense. The use of the term "decedent" presents an incongruity if not confusion because a decedent is "a deceased person" whose title and dominion over property, in the nature of things, ceases with his death except as it is preserved and passed along under the protection of law. The word decedent, however, is sometimes used rather illogically, even in legal writings, by way of a brief reference to describe a person who was living at the time in question but is now deceased; such as, "the decedent was driving his automobile". Apparently the term was so used in § 473.357.

The pertinent inquiry then is what is the critical time intended by the statute when the decedent was not the owner. The answer must be at the time of his death because, unless so owned, title cannot pass "to the persons to whom it is devised by his last will, or, in the absence of such disposition, to the persons who succeed to his estate as his heirs" subject to the possession of his executor or administrator for probate purposes in accordance with § 473.260. We conclude that § 473.357 should be interpreted as if it read "the decedent was not [at the time of his death] the owner of the personal property". This result was foreshadowed in the Meletio case when the court stated: "Thus the petitioner concedes that the title to the stock was in the decedent *at the time of his death,* and not in the petitioner." Emphasis added. 358 S.W.2d 85, 87.

The interest of a co-tenant in a joint estate is extinguished by his death and the title of the survivor to the whole estate simply continues and is not a new interest or transfer of title. In re Gerling's Estate, Mo., 303 S.W.2d 915; Osterloh's Estate v. Carpenter, Mo., 337 S.W.2d 942. In both cases it was held that there was no transfer within the meaning of the inheritance tax statutes. Thus it is evident that the co-tenant of a joint estate who is the first to die does not at his death possess any title or interest which passes to his devisees or heirs under the succession statutes. Section 473.357 was intended to determine title in such situations as well as where a person had parted with title for a perceptible period of time prior to his death, or where a person who died had never been the owner of the personal property in question. We would be making a distinction without a difference to hold the statute not applicable.

Formal pleadings are not ordinarily required in any action filed in a probate court. In re Kaimann's Estate, 360 Mo. 544, 229 S.W.2d 527, 529[1]. Nevertheless, where pleadings are required or undertaken, they should be sufficient to satisfy the requirements of good pleading. Sutton v. Libby, Mo.App., 201 S.W. 615, 617[3]. Where a party desires to avail himself of a remedy or relief provided by a particular statute, he is not required to refer to the statute or use its terms literally, but he is required to plead facts which bring his case within the purview of the statute. Jones v. Chicago, B. & Q. R. Co., 343 Mo. 1104, 125 S.W.2d 5, 12[4].

Our decisions have generally ruled that a petition is not to be held insufficient merely because of lack of definiteness or uncertainty in an allegation or because of informality in the statement of an essential fact. Mathews v. Pratt, Mo., 367 S.W.2d 632, 634[3]. In determining whether a petition states a claim or cause of action, its allegations will be given a liberal construction according to their reasonable

and fair intendments, and when so considered a petition is sufficient if its averments invoke substantive principles of law which entitle the petitioner to relief. Slicer v. W. J. Menefee Constr. Co., Mo., 270 S.W. 2d 778, 780[1]; Mathews v. Pratt, Mo., 367 S.W.2d 632, 634[1, 2]. Judged by these standards, the petition states a claim as to the property involved although greater certainty and definiteness would be desirable.

The statute makes no distinction as to whether the estate of the decedent obtains possession of the personal property by honest mistake or with wrongful intent. The petition does not fail to state a claim because it is alleged that the administrator obtained possession by fraudulent means.

The judgment is reversed and the cause remanded.

All of the Judges concur.