Leslie Kurt FRIEDEN, Plaintiff–
Respondent,

v.

DIRECTOR OF REVENUE, State of
Missouri, Defendant–Appellant.

No. 18650.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 5, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant-appellant.

Charles D. Curless, Lamar, for plaintiff-respondent.

SHRUM, Judge.

The Director of Revenue appeals from an order granting hardship driving privileges to Leslie Kurt Frieden. We agree with the Director's contention that the trial court lacked jurisdiction to grant the order because Frieden was statutorily ineligible for such relief. We reverse and remand with directions.

## FACTS

Frieden initiated this action on December 11, 1992, when he filed his "Petition For Limited Driving Privileges" in which he claimed he needed to operate a motor vehicle in order to earn his living as a farmer.

In paragraph 2 of his petition Frieden averred that he had been notified by the Director of Revenue that his operator's license "will be revoked for a period of one year commencing on or about December 19, 1992, for the reason that he operated a motor vehicle while his blood alcohol concentration was in excess of .10%."

In paragraph 5 Frieden averred that he was "not ineligible for limited driving privileges for the reasons set forth in his Affidavit attached to and made a part of this Petition...." In that affidavit, Frieden stated he was not ineligible for hardship driving privileges because none of 16 reasons he listed in his affidavit applied to him. The 16 reasons Frieden recited appear to be drawn from § 302.309.3(5).[1] Absent from Frieden's affidavit is any reference to the ineligibility described by § 302.309.3(5)(i).[2]

1. Statutory references are to RSMo Supp.1991, unless otherwise indicated.

2. Section 302.309.3(5)(i), effective July 1, 1992, provides in pertinent part:
 (5) No person is eligible to receive a hardship driving privilege whose license has been suspended or revoked for the following reasons:
 ....
 (i) ... who has received a revocation under subsection 2 of section 302.525 and who has not completed such revocation.

As required by § 302.309.3(3), Frieden attached to his petition proof of financial responsibility and a certified copy of his driving record.

In his answer, the Director requested the court dismiss Frieden's application for lack of subject matter jurisdiction. The Director admitted Frieden's paragraph 2 allegation. Additionally, the Director alleged in his answer:

4. That based upon [the Director's] review of the Petitioner's driving record as maintained by the Drivers License Bureau of the Missouri Department of Revenue, the Petitioner is ineligible for the issuance of hardship driving privileges, in that Petitioner has not yet completed the period of administrative revocation which will become effective December 23, 1992, as provided in subsection 2 of section 302.525. (See § 302.309.3(5)(i) RSMo Supp.1991.).[3]

The Director filed with his answer a copy of Frieden's driving record. In a letter accompanying the Director's answer, counsel for the Department of Revenue advised the circuit clerk, "The Answer sets forth all the information which I would be able to present at trial[;] I would, therefore, ask that I not be required to appear at any hearing which may be scheduled in this matter."

From the docket sheet and the trial court's order, we learn that on January 19, 1993, Frieden appeared in person with his attorney, evidence was adduced, and the trial court found Frieden met the financial responsibility requirements of the statute and that to deny him limited driving privileges would work an undue hardship on his ability to earn a living.[4] From a letter from the circuit clerk to the Director's attorney we learn no record was made of the January 19 proceedings.

## DISCUSSION AND DECISION

 When a court of general jurisdiction is engaged in the exercise of a special statutory power, its jurisdiction is limited by that statutory power. *Randles v. Schaffner*, 485 S.W.2d 1, 3[6] (Mo.1972). A trial court lacks jurisdiction to grant hardship driving privileges to those who are statutorily ineligible to receive them. *Barnes v. Director of Revenue*, 856 S.W.2d 108, 109 (Mo.App.1993).

 Because Frieden sought relief under § 302.309.3, he was required to plead facts to bring his case within the purview of the statute. *In re Estate of Williamson*, 380 S.W.2d 333, 338[7] (Mo.1964); *Warner v. Warner*, 658 S.W.2d 81, 82[3] (Mo.App.1983). By his own pleading, Frieden established that his operator's license had been revoked for a period of one year because he had operated a motor vehicle while his blood alcohol concentration was in excess of .10%, and he established that the period of revocation had not been completed. Our review of Missouri statutes reveals that with a single exception the only provision under which the Director could have revoked Frieden's license for one year for having a blood alcohol concentration of .10% or more is § 302.525.2. The exception would be a one-year revocation that followed a conviction under § 577.-012, RSMo 1986. Such revocation, however, would be pursuant to §§ 302.302 and 302.304 due to the accumulation of at least 12 points and not solely for driving with a blood alcohol concentration of .10%. Frieden's pleadings,

3. Director's parenthetical. Section 302.525.2, referred to by the Director and cross-referenced in § 302.309.3(5)(i), provides in pertinent part:
 The period of license ... revocation under this section shall be as follows:
 ....
 (2) The period of revocation shall be one year if the person's driving record shows one or more prior alcohol related enforcement contacts during the immediately preceding five years.
 Sections 302.500 through 302.541 provide the administrative procedure for certain driver's license revocations and suspensions by the Department of Revenue. Section 302.505 provides:

1. The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

4. The docket sheet entry for the hearing is dated "1–19–92," an obvious error. The undated order is stamped "Filed Jan. 19, 1993" and the docket sheet indicates it was filed on that date.

including the attached certified copy of his driving record, do not reveal any such point accumulation. As a result, Frieden was required to plead that he was not ineligible under § 302.309.3(5)(i). He did not, and, as a result, the court did not acquire jurisdiction under § 302.309.3 to consider his application. *Estate of Williamson,* 380 S.W.2d at 338[7]; *Warner,* 658 S.W.2d at 82[3].

Supreme Court Rule 55.27(g)(3) provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the petition." In his answer the Director properly challenged the trial court's subject matter jurisdiction to grant Frieden's request. The trial court should have dismissed the petition. Therefore we reverse the judgment of the trial court and remand the cause with directions to the trial court to enter its order dismissing Frieden's application for hardship driving privileges.

The Director asks that we not only reverse the trial court order but also that we direct the trial court to enter "an order extending [Frieden's] revocation for a period of time commensurate with the period he has unlawfully held limited driving privileges." Without commenting on the merits of the Director's request, we decline the invitation. The Director is aware of the appropriate procedure for pursuing this request.

The judgment is reversed and the cause remanded with directions that the trial court enter its order dismissing Frieden's application.[5]

PARRISH, C.J., and MONTGOMERY, J., concur.

---

**5.** By separate motion Frieden requests we strike certain documents from the legal file. Of the documents he specifically identifies as objectionable, we have referred to but one: the Director's cover letter in which he indicated he would not appear at the hearing. In light of our use of that letter, Frieden's complaint concerning it has no merit. The other documents which he identifies as objectionable have no bearing on our disposition; thus his complaints are moot. The motion is denied. We also deny the request, in the Director's suggestions in opposition to Frieden's motion to strike, for "costs for the time taken to respond to [Frieden's] frivolous objection...." We deny Frieden's request for "attorney's fee and costs in connection with the frivolous appeal ... and the Suggestions...."