**Carol A. CUMMINGS,**
**Petitioner/Respondent,**

**v.**

**DIRECTOR OF REVENUE, State of Missouri, Defendant/Appellant.**

**No. 65286.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 25, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Frank J. Niesen, Jr., St. Louis, for respondent.

REINHARD, Presiding Judge.

The driving privileges of petitioner were suspended by the Director of Revenue (Director) pursuant to § 302.505, RSMo Supp. 1993,[1] after she was arrested for driving while intoxicated. The suspension was affirmed after an evidentiary hearing and petitioner filed a petition for trial *de novo* pursuant to § 302.535, RSMo 1986. After the trial *de novo*, the circuit court ordered the Director to reinstate petitioner's driving privileges. The Director appeals; we reverse and remand.

Petitioner filed her petition for trial *de novo* in St. Louis County, Missouri. The evidence reveals that petitioner was stopped by Officer Joe McMahon of the St. Louis County Police Department shortly after midnight on the morning of April 29, 1993. McMahon testified that he was behind the petitioner's vehicle, travelling south, when he saw it run a red traffic light at the intersection of Lemay Ferry and Military Road. He stopped the vehicle at the 600 block of Lemay Ferry (which he stated was in St. Louis county). Petitioner was in the vehicle.

Officer McMahon noticed petitioner's eyes were watery and bloodshot, and he noted her breath had a strong smell of alcoholic beverage. After having petitioner attempt field sobriety tests, McMahon arrested her and

---

1. All statutory citations are RSMo Supp.1993, unless otherwise noted.

conveyed her to the St. Louis County Department of Justice Services in Clayton. There, a breath test was administered by Officer Douglas Harris; Harris testified petitioner had a blood alcohol level of .212 grams per 100 milliliters. Various exhibits were also admitted into evidence at the trial *de novo*. At the end of the Director's evidence, petitioner made no motions and stated she had no evidence to offer. Arguments were made, but they were not included in the record. Subsequently, the following exchange occurred:

> THE COURT: One of the things a trial judge does in cases—in almost all cases is keep notes on such vital things as jurisdiction and venue, and I realize that for those of you that live in the area that this is almost second nature; however, whether it is second nature or not, there was no venue established in this case whatsoever. The fact that the address given may be in St. Louis County, there's nothing in the record to indicate that, and the court cannot assume that. I would suggest that counsel would use a checklist. It's easy to overlook that, but it's—he gave the address, but he did not give the fact that it was in St. Louis County.
>
> * * * * * *
>
> THE COURT: The Court must then find for the Petitioner.

On October 19, 1993, the court entered a signed judgment on a form denoted *ADMINISTRATIVE REVOCATION TRIAL DE NOVO*. There, the court checked option (2) which stated the court found: "That at the time of the above stop the arresting officer (had) (did not have) probable cause to arrest petitioner for driving while intoxicated; and. . . ." The court crossed out the word "and" on option (2) and inserted the addition-al words "In St. Louis County, Mo." In option (2), the court did not select from the "(had) (did not have) probable cause" options. At the bottom of the form, the court inserted another option (which it checked) in longhand: "[f]ailed to establish [v]enue." The judgment ordered petitioner's driving privileges reinstated.

 Section 302.535.1 states that a petition for review "shall be filed in the circuit court of the county where the arrest occurred." In this case, contrary to the court's finding, there was a showing of where the arrest occurred. Officer McMahon testified he stopped the vehicle and arrested the petitioner in the 600 block of Lemay Ferry Road in St. Louis County.[2]

██ It is important to note that we are not confronted here with the court exercising its right to determine the credibility of the witness. The court specifically stated there was nothing in the record establishing St. Louis County as the correct venue. Moreover, petitioner admits in his brief that the arrest occurred in St. Louis County. Additionally, in the event the court became convinced the venue *was* improper, it was incumbent upon the court to dismiss the petition. *Frieden v. Director of Revenue*, 864 S.W.2d 27, 29 (Mo.App.S.D.1993). *See also Pool v. Director of Revenue, State of Mo.*, 824 S.W.2d 515 (Mo.App.1992).[3] Thus, the court erred in ordering petitioner's driving privileges restored on the ground given. Petitioner raises other possible interpretations of the trial court's order, none of which if true, would require a different result here.[4]

Finally, we note that in addition to the court's erroneous ruling on the venue issue, the court made no finding on the issue of probable cause. We reverse the court's

---

2. The official map of the State of Missouri indicates that the intersection of Lemay Ferry and Military Road is within St. Louis County. Judicial notice *may* be taken of official highway maps. *See State v. Vincent*, 582 S.W.2d 723, 725 (Mo.App.1979).

3. "Where the statute says an appeal must be filed in a certain court, that court alone has jurisdiction to entertain the appeal." *Pool*, 824 S.W.2d at 517. Thus, the circuit court is without jurisdiction to act on a petition that is not filed in the county of arrest. *See id.* "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the petition." *Frieden*, 864 S.W.2d at 29 (quoting Rule 55.27(g)(3)).

4. Petitioner also attacks the sufficiency of the Director's jurisdictional statement, seeking dismissal for non-compliance with Rule 84.04(b). We decline to do so; an extended discussion would serve little purpose.

judgment and remand the cause for a determination of the merits and entry of judgment thereon.

GARY M. GAERTNER and CRAHAN, JJ., concur.

