**David ALFERMAN, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 72471.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 12, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1998.

Application for Transfer Denied Aug. 25, 1998.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

John A. Walsh, Jr., St. Louis, for respondent.

KAROHL, Judge.

Director of Revenue (Director) appeals from the judgment entered reinstating the driver's license of David Alferman (licensee) after a trial de novo pursuant to section 302.535 RSMo Cum.Supp.1996. We reverse and remand.

Licensee filed his petition for trial de novo in St. Louis County. The trial on the petition was held March 10, 1997. The evidence presented at trial will support findings that: (1) on February 24, 1996, Officer Jason Gray of the Crestwood Police Department stopped licensee; (2) he saw licensee violate a stop sign at a high rate of speed; (3) he noticed a strong odor of alcoholic beverage on licensee's breath; (4) he observed licensee's eyes were watery with large, dilated pupils; (5) licensee's speech seemed slurred; and (6) licensee admitted that he had two or three beers.

Officer Gray asked licensee to perform field sobriety tests. On the walk-and-turn test, licensee used his arms for balance and lost his balance. On the one-leg stand, licensee used his arms for balance and put his foot down. Officer Gray formed an opinion the licensee was intoxicated and his driving was impaired. He arrested licensee for driving while intoxicated and possession of marijuana in violation of the City of Crestwood ordinances.

Officer Gray transported licensee to the Crestwood Police Station. Officer Daniel O'Connor administered a breath test to licensee on the BAC Verifier. Officer O'Connor testified, without objection, that the test showed licensee had a .168 percent blood alcohol content. Director also offered several exhibits into evidence. Licensee did not cross-examine either police officer and did not offer any evidence.

On March 10, 1997, the trial court entered a judgment on a form denominated *"FINDINGS AND RECOMMENDATIONS OF COMMISSIONER AND JUDGMENT OF THE COURT."* The court found the arresting officer did not have probable cause to arrest licensee for driving while intoxicated

and that licensee did not have a blood alcohol content of .10 percent or more. In a blank marked "(Other)," the court stated, "NO EVIDENCE OF VENUE PRESENTED." The court ordered the reinstatement of licensee's driving privileges.

On appeal, Director contends the trial court erred in setting aside the revocation on the grounds that no evidence of venue was presented because it was not Director's burden to prove venue and further, evidence of venue was established.

■ Our review of the trial court's decision is controlled by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Cain v. Director of Revenue,* 896 S.W.2d 724, 726 (Mo.App. E.D.1995). Therefore, we will affirm unless the decision is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy,* 536 S.W.2d at 32.

■ We hold, pursuant to section 302.535.1 RSMo Cum.Supp.1996, it is licensee's burden to file his petition for review in the circuit court in the proper venue. Licensee filed his petition for review in St. Louis County and alleged his arrest occurred in St. Louis County. The arrest report indicated he was arrested in St. Louis County. Therefore, venue was proper in St. Louis County. Further, if the venue was improper, the trial court should have dismissed licensee's petition for review and should not have reinstated his license. *Cummings v. Director of Revenue,* 886 S.W.2d 164, 165 (Mo.App. E.D. 1994). Therefore, the trial court erred in setting aside the revocation on the ground that no evidence of venue was presented.

■ Licensee did not argue he was not arrested in St. Louis County. He argues that we should affirm if the trial court had venue because the Director does not challenge the findings that the arresting officer did not have probable cause to arrest licensee for driving while intoxicated and licensee did not have a blood alcohol content of .10 percent or more. Director responds that the court's finding of no venue is the specific and distinct reason for the court's general finding of lack of probable cause and lack of blood alcohol content of .10 percent or more.

To the extent there appears to be an ambiguity in the judgment or in the trial court's intentions, the trial court's belief that the state failed to prove venue renders the findings on the substantive issues dicta. There are no facts to support the substantive findings if the evidence offered by the Director is credible. The Director's evidence was uncontroverted. If believed, it will support findings that the arresting officer had probable cause to arrest licensee for driving while intoxicated and that at the time of his arrest, licensee had a blood alcohol content of .10 percent or more. *See, Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 339 (Mo. banc 1992); *Jurgiel v. Director of Revenue,* 937 S.W.2d 397, 398 (Mo.App. E.D.1997). If the trial court intended to reinstate the license on the merits, a finding on credibility is necessary. Otherwise, the findings are not supported by substantial evidence. To the extent the venue finding was merely an explanation, if it was, it is erroneous.

Accordingly, we reverse and remand for the trial court to enter a judgment on the merits, and deny the motion for damages for frivolous appeal.

AHRENS, P.J., and CRANDALL, J., concur.